THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BOSTON AND MAINE RAILROAD, Defendant.

Third Department, July 6, 1922.

**Taxation — mortgage recording tax — bonds secured by corporate mortgage to trustee and issued to pay matured bonds on which tax had been paid are subject to recording tax under Tax Law, §§ 253, 259.**

The mortgage recording tax imposed by sections 253 and 259 of the Tax Law applies to bonds secured by a corporate refunding mortgage to a trustee and issued to raise money to pay matured bonds of the same amount and secured by the same mortgage with respect to which matured bonds a tax had been paid.

In construing section 259 of the Tax Law emphasis should be placed on the words " principal indebtedness," and it is in respect to such an obligation " which under any contingency " may be secured by the mortgage that the tax is imposed. In the instant case an old debt or obligation existed, in respect to which the tax had been paid, and a new debt or obligation has now come into existence which is equally subject to taxation.

KILEY, J., dissents, with memorandum.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Charles D. Newton,* Attorney-General [*John J. McCall,* Deputy Attorney-General, of counsel], for the plaintiff.

*Visscher, Whalen, Loucks & Murphy* [*Robert E. Whalen* of counsel], for the defendant.

COCHRANE, P. J.:

The question is whether the mortgage recording tax imposed by section 253 of the Tax Law (as amd. by Laws of 1916, chap.

323) applies to bonds secured by a corporate mortgage to a trustee and issued to pay matured bonds of the same amount and secured by the same mortgage with respect to which matured bonds a tax has been paid.

The defendant on December 1, 1919, executed to Old Colony Trust Company and S. Parkman Shaw, Jr., as trustees a trust mortgage covering its real property to secure bonds in the aggregate principal amount of over $95,000,000. When the mortgage was recorded the recording tax was paid on the amount mentioned. Subsequently at different times the defendant under the provisions of said trust mortgage issued thereunder three series of bonds aggregating $21,558,000. The proceeds of these bonds were used to pay and discharge an equal amount of the former bonds.

The statute applicable to the question is section 259 of the Tax Law (as amd. by Laws of 1917, chap. 573) which so far as material provides as follows: " *Trust mortgages.* In the case of mortgages made by corporations in trust to secure payment of bonds or obligations issued or to be issued thereafter, if the total amount of principal indebtedness which under any contingency may be advanced or accrue or which may become secured by any such mortgage which is subject to this article has not been advanced or accrued thereon or become secured thereby before such mortgage is recorded, it may contain at the end thereof a statement of the amount which at the time of the execution and delivery thereof has been advanced or accrued thereon, or which is then secured by such mortgage; thereupon the tax payable on the recording of the mortgage shall be computed on the basis of the amount so stated to have been so advanced or accrued thereon or which is stated to be secured thereby. * * * Whenever a further amount is to be advanced under the original mortgage, or shall accrue thereon or become secured thereby, the corporation making such mortgage shall pay the tax on such amount," etc.

There is no provision in the mortgage or otherwise requiring the original bondholders to accept new bonds in place of those matured. They were entitled to have their bonds paid. The transaction was in no sense an exchange of bonds. The new bonds were placed on the market and the proceeds thereof used to pay and discharge the old bonds. The indebtedness, therefore, was not the same. The transaction consisted of the substitution of one " principal indebtedness " in place of another. The defendant would read the statute as if it applied to an indebtedness which might be secured by the mortgage *at any one time.* The statute by its phraseology gives no intimation of such a purpose. The defendant says: " The tax is to be measured by the total debt

secured." That is true but not necessarily secured at any one time. I think emphasis should be placed on the words " principal indebtedness " and it is in respect to such an obligation " which *under any contingency* " may be secured by the mortgage that the tax is imposed. An old debt or obligation existed in respect to which the tax was formerly paid. A new debt or obligation has now come into existence which is equally subject to taxation. If old bonds are paid with corporate earnings and thereafter new bonds for the same amount are issued under the same mortgage to provide for equipment clearly the new bonds are not exempt from the tax merely because the mortgage indebtedness has not been increased. I do not see that it makes any difference whether the proceeds of the bonds are used to pay a former indebtedness or to pay for new equipment or any other purpose. In any event it is a new debt or obligation which the mortgage secures. The old debt has been destroyed. A new one has been created.

If this trust mortgage contained no refunding provisions and the defendant were required to resort to another mortgage to secure its new bonds there would be no question about its liability for the tax. This court has said: " The statute does not con-·template that if a man pays one mortgage with money borrowed upon another mortgage, the latter mortgage is exempt from taxation." (*People ex rel. Astor Trust Co.* v. *State Tax Commission*, 174 App. Div. 320, 326.) A party may not indirectly accomplish that which by direct methods the law does not permit. The parties to a mortgage may not by inserting therein appropriate provisions constituting the mortgage a security for a new indebtedness to take the place of the old evade the provisions of the Tax Law. The method adopted may be entirely appropriate for the purposes of the mortgagor but it should not be used as a device to escape taxation.

I think judgment should be directed in favor of the plaintiff as demanded by it in the submission, without costs.

All concur, except Kiley, J., dissenting, with a memorandum.

Kiley, J. (dissenting):

Section 253 of the Tax Law of this State provides as follows: " A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by a mortgage on real property situated within the State recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article. If the **principal** debt or obligation which is or by any contingency may be

secured by such mortgage recorded on or after the first day of July, nineteen hundred and seven, is less than one hundred dollars, a tax of fifty cents is hereby imposed on such mortgage, and shall be collected and paid as provided in this article." Defendant concedes that section 255 of the Tax Law (as amd. by Laws of 1916, chap. 323) is not applicable to this solution. If the mortgage in the first instance had been made for a sum in excess of the bond issue, then the provisions of section 256 of the Tax Law (as amd. by Laws of 1916, chap. 323, and Laws of 1920, chap. 75) would govern the assessment of the recording tax by the county clerk. This mortgage sets a limit to the amount of the obligation that may be assessed under it. The amount permitted under the mortgage, $95,601,000, was issued in the first instance, and payment made and the tax collected as provided under section 257 of said Tax Law, which reads as follows: " The taxes imposed by this article shall be payable on the recording of each mortgage of real property subject to taxes thereunder. Such taxes shall be paid to the recording officer of any county in which the real property or any part thereof is situated. It shall be the duty of such recording officer to indorse upon each mortgage a receipt for the amount of the tax so paid. Any mortgage so indorsed may thereupon or thereafter be recorded by any recording officer and the receipt for such tax indorsed upon each mortgage shall be recorded therewith. The record of such receipt shall be conclusive proof that the amount of tax stated therein has been paid upon such mortgage." Section 258 of the Tax Law (as amd. by Laws of 1916, chap. 323; Laws of 1920, chap. 51, and Laws of 1921, chap. 532) forbids the county clerk or register to record such mortgage unless the tax is paid. It cannot be released, discharged or assigned of record, it cannot be foreclosed. These provisions precede section 259 of the Tax Law (as amd. by Laws of 1917, chap. 573), which is entitled " trust mortgages " and which must govern the solution of the question here. The plaintiff contends that the refunding bonds issued to take up the' outstanding bonds under the mortgage were an additional indebtedness for which the mortgage stood as security. This is the only ground which the plaintiff can urge for the construction it seeks to have upheld here. The clause in section 259, *supra,* " Whenever a further amount is to be advanced under the original mortgage," etc., must be read in the light of the language that precedes it in that section; and that language is to the effect that the amount named in the mortgage to be secured thereby is not advanced in the first instance. I do not think plaintiff's contention is sound. The fault may be in the law itself. If its contention is to prevail, what security has the creditor who invests his money on the

strength of a mortgage on property at a stated amount, if the corporation can double its liability under the mortgage and reduce the creditor's security to one-half what it was when he parted with his money on the strength of the amount of the mortgage? It is conceded here that under the contention of the defendant such a condition will not obtain; that at no time will the mortgage secure more than the original amount. It is better that the latter condition be recognized as such than to entertain and approve such a condition as the foregoing illustration shows possible. It is urged, in support of plaintiff's contention, that if defendant gave a new mortgage to secure the issue of bonds to be used in retiring the bonds issued under the old mortgage, it would have to pay a recording tax; that is so because of section 252 of the Tax Law, which is peremptory, and finds no exception in the Tax Law, except section 255 (as amd. *supra*) which defendant concedes is not applicable here. I cannot escape the conclusion that this is double taxation.

Judgment directed in favor of the plaintiff as demanded by it in the submission, without costs.