THE STEEL & TUBE CO. OF AMERICA *v.* BOARD OF STATE
TAX COMMISSIONERS.

TAXATION—MORTGAGES—BASIS OF COMPUTATION OF MORTGAGE TAX.
Where a corporation, which had issued $11,000,000 in
bonds secured by a mortgage, on which it had paid the
mortgage tax under 1 Comp. Laws 1915, § 4272, issued
a new series of bonds, likewise secured, to the amount
of $10,000,000, the State tax commission correctly com-
puted the tax payable on the basis of $10,000,000 rather
than on the amount of indebtedness in excess of $11,000,000,
as contended for by the corporation, since, by the language
of the statute, the basis was the amount further advanced
or secured.

Mandamus by The Steel & Tube Company of Amer-
ica to compel the board of State tax commissioners to
make a new order determining the amount of a specific
tax.   Submitted October 23, 1923.   (Calendar No.
30,973.)   Writ denied November 13, 1923.

*Stevenson, Carpenter, Butzel & Backus* (*Thomas G.
Long* and *Miller, Mack & Fairchild,* of counsel), for
plaintiff.

*Andrew B. Dougherty,* Attorney General, *Clare
Retan,* Deputy Attorney General, and *H. Victor Spike,*
Assistant Attorney General, for defendant.

CLARK, J.   For the purposes of this case the facts
may be said to be as follows: Plaintiff, a Delaware
corporation, made a mortgage to a trustee to secure
indebtedness to be represented by bonds to be from
time to time issued by plaintiff, limited to an aggre-
gate principal amount of $50,000,000 at any one time
outstanding.   The mortgage provided that the bonds

"shall be issued in series and the bonds of each series shall be distinctly designated." The mortgage covered and described real property situated partly within and partly without this State. Before presenting the mortgage for record in any county in this State, it was submitted to the board of State tax commissioners to determine "what proportion shall be taxable under" Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4271). At that time bonds had been signed by plaintiff, certified by the trustee, and delivered by the trustee to plaintiff, pursuant to the provisions of the mortgage, in the aggregate principal amount of $11,000,000, the bonds being of two series, A $5,000,000 and B $6,000,000. On the basis of a then indebtedness of $11,000,000 secured by the mortgage, the amount of tax due on the mortgage was determined by the board of State tax commissioners, and it was paid. 1 Comp. Laws 1915, § 4272. Later, a third series of bonds, series C, in the aggregate principal amount of $10,000,000, was duly executed, certified and issued and is now outstanding. Because of a further amount becoming secured by the mortgage, the board of State tax commissioners was again required to determine what proportion thereof was taxable under the act. It did, and took as a basis therefor the aggregate principal amount of the series C bonds, $10,000,000. Plaintiff says that this is wrong, that the board should have determined the proportion of tax on the basis of the amount of indebtedness in excess of $11,000,000 then secured by the mortgage, and it points out that the total of indebtedness then secured by the mortgage was $16,004,000, represented by bonds as follows: Series A, $4,000, series B, $6,000,000, and series C, $10,000,000, and insists that the tax should have been determined on a basis of $5,004,000 instead of on a basis of $10,000,000, stressing, too, that series A bonds in the

aggregate principal amount of $5,000,000 were not sold to the public, but were pledged as collateral to an issue of convertible gold notes in the principal amount of $5,000,000, that such notes have been retired and canceled, that but $131,000, principal amount of such gold notes, was converted into series A bonds, that of such $131,000, principal amount of series A bonds, $127,000, principal amount, has been retired by exchange for series C bonds, that of such series A bonds all have been canceled except the principal amount of $4,000.   Plaintiff seeks by mandamus to compel the board to make a new order determining the amount of the tax on the basis of $5,004,000 instead of on the basis of $10,000,000.   When the mortgage was first submitted to the board, it was its duty "to determine what proportion of the principal indebtedness secured by the mortgage shall be used as the measure of taxation within this State under the provisions of this act."   § 4271, *supra.*   And we quote:

"In case of mortgages made in trust to secure payment of bonds or obligations issued or to be issued thereafter, if only a partial amount of the indebtedness has been advanced thereon at the time of presentation for record such mortgage shall, at the end thereof, contain a sworn statement of the amounts advanced thereon and secured thereby, and the tax herein provided shall be computed on that basis." § 4272, *supra.*

And when the mortgage was submitted to the board the second time the following statute was applicable:

"When a further amount is advanced thereon or becomes secured thereby the mortgagee shall immediately present to the county treasurer and file with the recording officer where such mortgage was first recorded a statement of the amount about to be further advanced or become further secured, and the tax on such amount shall thereupon become due and payable on such amount about to be advanced or secured, and

it shall be paid in the same manner as to the original tax thereon as in this act provided." § 4272, *supra.*

The $10,000,000 was a further amount advanced on the mortgage and secured thereby. Issuing the series C bonds was in effect the making of a new loan. *Economy Power Co.* v. *Daskam,* 174 Mich. 402. An old debt, $11,000,000, existed in respect to which the tax was formerly paid. A new debt came into existence which was equally subject to taxation. Upon the second determination by the board, the basis of taxation was not the increase of indebtedness thus secured. By the language of the statute, the basis was the amount further advanced, or further secured, the amount of the new loan. *People* v. *Railroad,* 202 App. Div. 54 (195 N. Y. Supp. 402). The holders of series A bonds were not required by the mortgage to exchange them for series C bonds. They were entitled to have them paid when due. Bonds of series C are payable several years later than bonds of series A. That $127,000, principal amount of series C bonds, was used to retire an equal amount of series A bonds takes nothing in this case from the amount of the new loan. It makes no difference whether series A bonds were sold or pledged. The tax determined on the basis of $11,000,000 indebtedness, which included series A bonds, was paid. The tax now to be paid must be determined on the basis of the amount of the new loan, $10,000,000.

The writ is denied, without costs.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.