THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOME MORTGAGE INVESTMENT COMPANY OF NEW YORK, Respondent, *v.* STATE BOARD OF TAX COMMISSIONERS, Appellant.

Second Department, April 5, 1918.

**Tax — building loan mortgage — option of mortgagee to require execution of substituted mortgage — when additional mortgage tax cannot be imposed on record of substituted mortgage — covenant contemplating exercise of option.**

Where a bond secured by a building loan mortgage provided that upon the completion of the advances under the mortgage the mortgagor, at the request of the mortgagee, should execute and deliver new bonds and a new mortgage in lieu and stead of the original instruments to secure the same indebtedness at the same rate of interest and upon the same terms, a second mortgage tax cannot be imposed when the substituted mortgage is offered for record, the taxes on the first mortgage having been paid.

The tax is upon the debt for which the mortgage is merely security and the new mortgage did not affect the debt although thirty-three bonds for $1,000 each were substituted for one bond of $33,000 as there was a mere change in the form of the debt with no extinguishment of the lien.

The new mortgage was a supplemental instrument within the purview of section 255 of the Tax Law.

The agreement of the mortgagor to execute a new mortgage in place of the original instrument was a covenant although the mortgagee had an option to require the execution of the new instrument, for there may be a covenant that contemplates the exercise of an option.

APPEAL by the defendant, State Board of Tax Commissioners, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 23d day of October, 1917, denying its motion to vacate a writ of certiorari.

**700**   People ex rel. Home Mortgage I. Co. *v.* Tax Comrs.

Second Department, April, 1918.          [Vol. 182.

*Robert P. Beyer, Deputy Attorney-General* [*Merton E. Lewis, Attorney-General,* with him on the brief], for the appellant.

*John L. Finck,* for the respondent.

Jenks, P. J.:

On March 13, 1917, Zürlo and his wife executed and delivered to the Home Mortgage Investment Company of New York a bond and building loan mortgage to secure the payment of $33,000 and interest, covering a plot of land and a building to be erected on it. The bond and mortgage, and a building loan agreement, which was duly filed in the county clerk's office, provided that the mortgagee should make advances from time to time until completion of said building, and thereupon said principal sum should become due on September 1, 1922, with a provision for amortization. The mortgage contained this provision: "Upon the completion of the advances hereunder, the parties of the first part, if the party of the second part so request, shall execute, acknowledge and deliver to the party of the second part new bonds and a new mortgage in lieu and stead of these presents, to secure the indebtedness hereby secured, at the same rate of interest and upon the same terms."

The mortgage was duly recorded in the Kings county register's office on March 26, 1917, and the mortgage tax of $165 was paid. The building was completed, and the $33,000 was advanced. Thereupon the mortgagee requested the mortgagor to execute a new mortgage and 33 new bonds for $1,000 each to take the place of the old mortgage and bond. This was done on July 2, 1917, and the new mortgage was offered for record on July 3, 1917, accompanied by an affidavit of the secretary of the mortgagee that the new mortgage did not create or secure a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, as provided by section 255 of the Tax Law. The new mortgage contained this provision: "This mortgage is executed and delivered pursuant to a certain provision and covenant contained in a mortgage between the parties hereto bearing date the 13th day of March, nineteen hundred and seventeen, and

recorded in the office of the Register of Kings county on March 26th, 1917, in Liber 4350 of mortgages, page 64, section 1, block 57, which mortgage is to be satisfied upon the recording of this mortgage." The register of Kings county refused to accept said new mortgage for record without the payment of a mortgage tax. An appeal was taken to the State Tax Commission on July 6, 1917, and on July 9, 1917, said State Tax Commission affirmed the ruling of the Kings county register. The Home Mortgage Investment Company thereupon obtained a writ of certiorari to review the determination of the State Tax Commission. The Attorney-General for the State Tax Commission moved for an order vacating said writ. This motion was denied and the writ was sustained. The defendant appeals.

The tax is upon the debt. (*Kirtland* v. *Hotchkiss*, 100 U. S. 491; *People ex rel. Park Row Realty Co.* v. *Saxe*, 180 App. Div. 103.) The mortgage is security for the debt. As between the mortgagor and mortgagee, the bond is the principal thing and the mortgage the incident —" collateral security for the personal obligation." (*Matter of Wilbur* v. *Warren*, 104 N. Y. 197.) The new mortgage did not affect the debt; it was but the substitution of an instrument that afforded the same collateral security. The mere change of 33 bonds for $1,000 each for 1 bond of $33,000 was but a change in the form of the debt and did not extinguish or affect the lien. (*Mowry* v. *Farmers' Loan & Trust Co.*, 76 Fed. Rep. 38, 43, citing *Stevens* v. *Mid-Hants Railway Co.*, L. R. 8 Ch. App. 1064. See, too, *Mobile & Ohio R. R. Co.* v. *Nicholas*, 98 Ala. 92, 120.) Hence, to exact a second tax is to lay a second impost upon the self-same debt because of a variation in the form of the obligation and the security for the debt.

I think that the new mortgage is within the purview of section 255 of the Tax Law. It is a supplemental instrument or mortgage recorded pursuant to " some provision or covenant therein." Provision means a distinct clause in an instrument or statute. (Century Dictionary.) And the new mortgage does not create or secure a new or further indebtedness other than the principal obligation secured by, or which under any contingency may be secured by, the recorded primary mortgage, for the reasons heretofore given.

The State Tax Commissioners decided that the register had no right to record the mortgage unless the tax was paid, because the clause in question is a " mere option " and is not " a binding covenant or provision upon both parties." But it appears that the mortgagee, in pursuance of the provision in the mortgage, had requested and the mortgagors thereupon had executed the new mortgage for $33,000, and had issued 33 bonds to take the place of the old mortgage and the old bond respectively, and that there had been presented the old mortgage and a satisfaction piece thereof for record, together with the appropriate affidavit. Thus the provision had been recognized, by practical performance by the parties, as binding upon them.

Even considering the word " covenant " (but the alternative to " provision " in the statute), I am not prepared to say that the clause in the mortgage is not a covenant. Thereby the mortgagors undertook, when the advances were completed, to deliver a new mortgage and new bonds in lieu and stead of the existing bond and mortgage, upon the same rate of interest and the same terms. It is true that the mortgagee could retain the original mortgage and the original bond, or require the new instruments. There was a covenant none the less, although the word " request " indicates that the mortgagee had the election. (Platt Covenants, 10.) In *Doe* v. *Phillips* (2 Bing. 13) A. W. agreed to let and T. R. agreed to take certain land for 21 years at a yearly rental, and it was further agreed that in case A. W. or his heirs should want any part of said land to build or otherwise, then the said T. R. shall and will give up that part as shall be requested by the said A. W. The court held that this stipulation was a covenant. There may be covenant that contemplates the exercise of an option. (*Albert Brick, Lime and Cement Co.* v. *Nelson*, 27 N. B. 276, and cases cited; *Irvin* v. *Simonds*, 11 id. 190; *Laffan* v. *Naglee*, 9 Cal. 662.) In *Clark* v. *Devoe* (124 N. Y. 124) it is said: " A covenant is simply a contract of a special nature, and the primary rule for the interpretation thereof is to gather the intention of the parties from their words, by reading not simply a single clause of the agreement, but the entire context and, where the meaning is doubtful, by considering such surrounding

circumstances as they are presumed to have considered when their minds met." I find nothing in the Tax Law that forbids a supplemental agreement or mortgage made pursuant to a provision or covenant, when the provision or covenant affords the right of an election.

I advise that the order be affirmed, but without costs.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order affirmed, without costs.