THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNITED STATES TITLE GUARANTY COMPANY, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.

**Tax — satisfaction of old mortgage and execution of new one for larger amount and for longer term — recording tax measured by total debt secured.**

Where a mortgage contains a covenant that "upon the request of the mortgagor" the mortgagee may "at its option" satisfy the mortgage, and make a larger loan, to be secured by a new mortgage, in lieu of the one discharged, and thereafter the bond is canceled, the mortgage satisfied of record, and a new mortgage, securing a new loan for an increased amount, and running for a longer term is delivered to the lender, the new mortgage is not a "supplemental" one within the meaning of section 255 of the Tax Law (Cons. Laws, ch. 60) and

the recording tax is to be measured by the total debt secured. (*People ex rel. Home Mortgage Investment Co.* v. *State Board of Tax Commissioners,* 182 App. Div. 699, distinguished.)

*People ex rel. U. S. Title Guaranty Co.* v. *State Tax Comm.,* 193 App. Div. 920, reversed.

(Argued November 17, 1920; decided November 30, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 16, 1920, which reversed, on certiorari, a determination of the state tax commission fixing the amount of a tax due upon the recording of a mortgage.

*Charles D. Newton, Attorney-General* (*James S. Y. Ivins* of counsel), for appellant. A refunding mortgage is not exempt from the mortgage tax unless it comes within the provisions of section 255 of the Tax Law. (*Hygienic I. & R. Co.* v. *Franey,* 142 App. Div. 143; *People ex rel. Astor Trust Co.* v. *Tax Comm.,* 174 App. Div. 321; *People ex rel. P. R. Realty Co.* v. *Saxe,* 180 App. Div. 103.) The mortgage in the case at bar is not entitled to exemption under section 255 of the Tax Law. (*People ex rel. A. T. Co.* v. *Tax Comm.,* 174 App. Div. 320.)

*Benjamin Reass, Hugo Hirsh* and *Emanuel Newman* for respondent. The supplemental mortgage does not create or secure a new or further indebtedness, other than that which is secured by the old mortgage, except for the additional sum of $500. (*People ex rel. H. M. Investment Co.* v. *Tax Comm.,* 182 App. Div. 699; *Met. Trust Co.* v. *Tax Comm.,* 173 App. Div. 653; *People ex rel. M. T. Co.* v. *Miller,* 177 N. Y. 51; *City of Rochester* v. *F. W. Assn.,* 183 N. Y. 23.)

CARDOZO, J. One Flor executed a bond and mortgage in favor of the relator for $4,500. The mortgage contained a covenant that "upon the request of the mortgagor" the mortgagee might "at its option" satisfy the

104 People ex rel. U. S. Title G. Co. v. Tax Comm.

[230 N. Y.] Opinion, per Cardozo, J. [Nov.,

mortgage, and make a larger loan, to be secured by a new mortgage, in lieu of the one discharged. Thereafter the bond was canceled, the mortgage satisfied of record, and a new mortgage, securing a new bond for $5,000, and running for a longer term, delivered to the lender. The mortgagee, when offering the latter mortgage for record, tendered payment of a tax computed upon $500, the difference between the old loan and the new one. The register of Kings county refused to accept the mortgage for record without payment of a tax to be measured by the total debt secured. A determination of the state tax commission confirming the ruling of the register was reversed by the Appellate Division on the authority of *People ex rel. Home Mortgage Investment Co.* v. *State Board of Tax Commissioners* (182 App. Div. 699). The case is now here on the appeal of the commission.

We think the tax is to be measured by the total debt secured. Section 253 of the Tax Law (Consol. Laws, chap. 60) imposes upon every mortgage recorded within the state "a recording tax" of fifty cents for each one hundred dollars of the principal secured thereby. The recording tax is due upon this mortgage as upon others unless the transaction is within some exception established by a later section. The only exceptions suggested are those of section 255, headed "supplemental mortgages," which provides that "if subsequent to the recording of a mortgage on which all taxes, if any, accrued under this article have been paid, a supplemental instrument or mortgage is recorded for the purpose of correcting or perfecting any recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is or under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to

taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case, a tax is imposed as provided by section two hundred and fifty-three of this chapter on such new or further indebtedness or obligation, and shall be paid to the proper recording officer at the time such instrument or additional mortgage is recorded."

We think that none of these exceptions is applicable here. The mortgage now in controversy is not a supplemental one at all. It does not correct or perfect any error or omission. It is not made " pursuant to some provision or covenant " contained in an existing mortgage, i. e., in fulfillment of some obligation to give or to accept it. The statement that the mortgagee shall have the option to accept another and larger mortgage at the mortgagor's request is not a covenant at all. It is not a " provision " imposing some obligation " pursuant to " which anything has been or could be done. It is merely an assertion that the parties have capacity to make another contract if they please. In this respect the case is unlike *People ex rel. Home Mortgage Investment Co.* v. *State Board of Tax Commissioners* (182 App. Div. 699), relied on by the Appellate Division. There the mortgagor was not merely privileged, but required, to make a new mortgage if requested. Finally, the mortgage before us is not a supplemental instrument imposing a lien upon property " not originally covered by or described in " the mortgage first recorded.

These are the only exceptions established by the statute. We are not empowered to add to them upon the theory that they might reasonably have been extended by the legislature to kindred situations. We take the statute as we find it. The heading " supplemental mortgages " supplies the key to its construction, if that were otherwise uncertain. Nothing merely complementary or auxiliary

will be found in this transaction. The mortgage first recorded and the obligation that went with it have not been supplemented, but superseded. One lien with its accompanying bond has been satisfied of record and destroyed. Another lien, securing another bond, has been created in its place. There is a new transaction with a new tax.

The order of the Appellate Division should be reversed, and the determination of the state tax commission confirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.