THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEWELERS BUILDING CORPORATION, Relator, *v.* THE STATE TAX COMMISSION, Respondent.

Third Department, May 26, 1925.

Taxation — mortgage tax — mortgage for $750,000 was recorded and tax paid — subsequently additional bond for $250,000 with mortgage on identical real estate was executed and delivered — at same time parties executed consolidation agreement consolidating said bonds and mortgages — second mortgage and consolidation agreement were recorded — consolidation agreement was equivalent to mortgage and was not supplemental mortgage under Tax Law, § 255 — mortgage tax on $1,000,000 was proper — second mortgage for $250,000 never became effective and tax thereon was improper.

A mortgage recording tax was properly assessed by the State Tax Commission on $1,000,000 represented by a consolidation agreement which consolidated a prior bond and mortgage for $750,000 on which a tax was paid, with a bond and mortgage for $250,000 executed and delivered at the time of the consolidation agreement and covering the identical property, for the consolidation agreement which was accompanied by a bond of $1,000,000 was clearly a mortgage, and was not a supplemental mortgage within the meaning of section 255 of the Tax Law, since it was not recorded for the purpose of correcting or perfecting any recorded mortgage nor was a lien imposed upon property not originally covered by the prior instruments.

It was improper for the State Tax Commission to assess a mortgage recording tax on the bond and mortgage for $250,000 which was executed at the same time as the consolidation agreement, notwithstanding said mortgage was recorded, for under the terms of the agreement that mortgage and the bond given therewith, as well as the prior bond and mortgage, were canceled, and, therefore, said mortgage for $250,000 never had any life.

VAN KIRK, J., dissents in part, with memorandum.

**100** People ex rel. Jewelers B. Corp. *v.* State Tax Comm.

Third Department, May, 1925. [Vol. 214

Certiorari issued out of the Supreme Court (after the taking effect of the Civil Practice Act) and attested on the 27th day of May, 1924, directed to the State Tax Commission, commanding it to certify and return to the clerk of the county of Albany all and singular its proceedings had in reference to recording taxes upon a mortgage executed and delivered by the relator under the name of Masro Realty Corporation upon property in New York city.

*Max Miller* [*Jacob Feld* of counsel], for the relator.

*Albert Ottinger,* Attorney-General [*Henry S. Manley,* Deputy Attorney-General, of counsel], for the respondent.

H. T. Kellogg, J.:

A bond for $750,000, together with a real estate mortgage securing the same, was executed on December 6, 1923, by the relator, then known as the Masro Realty Corporation, and delivered to the Winson Mortgage Company. The mortgage was recorded on December 28, 1923, and a recording tax of $3,750, calculated at the statutory rate of fifty cents for every $100, was duly paid. On March 6, 1924, the relator's name was changed. On March 19, 1924, the mortgagee executed and delivered to the Equitable Trust Company of New York an assignment of the bond and mortgage so given. On the same day the relator executed and delivered to the Equitable Trust Company an additional bond for $250,000, together with a mortgage upon the identical real estate previously mortgaged. The Equitable Trust Company and the relator, on the same day, executed an agreement consolidating the two bonds and mortgages. After these instruments had been executed and delivered to the Equitable Trust Company, that company advanced to the relator the additional sum of $250,000. The $250,000 mortgage and the consolidation agreement were thereafter recorded upon the payment under protest of $5,000 tax. The State Tax Commission has determined that the consolidation agreement was a mortgage and that a recording tax of $5,000 was payable by the relator for the recording thereof. With this conclusion we are in accord. The consolidation agreement was accompanied by a bond of $1,000,000. It provided for the elimination of the prior bond of $750,000 and the bond for $250,000. It also imposed upon the real property, described in the other instruments, a mortgage lien to secure the payment of the bond for $1,000,000. Clearly, therefore, it constituted a mortgage. It was not a supplemental mortgage under section 255 of the Tax Law (as amd. by Laws of 1916, chap. 323), since it was not given " for the purpose of correcting or perfecting any

recorded mortgage" nor was a lien imposed "upon property not originally covered" by the prior instruments. The mortgage was, therefore, subject to the payment of a recording tax. (*People ex rel. U. S. Title G. Co. v. Tax Comm.*, 230 N. Y. 102; *Matter of N. Y. State Gas & Electric Corp. v. Gilchrist*, 209 App. Div. 771; affd., 240 N. Y. 552.) The Tax Commission also determined that a recording tax of $1,250 was payable by the relator for the recording of the $250,000 mortgage. With this conclusion we do not agree. That mortgage, together with the bond which it purported to secure, was delivered to the Equitable Trust Company simultaneously with the delivery to it of the consolidation agreement. The agreement, which was in fact a mortgage, canceled the bond for $250,000 and supplanted the mortgage securing it with the new mortgage lien which it set up. No money had been advanced upon the $250,000 bond, and no debt had been represented thereby. As there had been no debt there had been no mortgage. At the moment of the delivery of that bond and mortgage, the new bond and mortgage, providing for the cancellation, came into being. Thus the delivery made of the $250,000 bond and mortgage, which might otherwise have caused them to spring into life, was synchronous with the delivery of the $1,000,000 bond and mortgage, which in terms provided for their extinction. There was, therefore, no moment of time when the $250,000 bond and mortgage had any vigor whatsoever. Since the bond created no debt, and the mortgage created no lien, we think that these instruments were wholly negligible and that the so-called mortgage for $250,000 was not a genuine mortgage, the recording of which called for the payment of a tax.

The determination, so far as it determines that a tax of $1,250 was due and payable, should be annulled, and otherwise in all things confirmed.

All concur, except VAN KIRK, J., dissenting with an opinion, in which McCANN, J., concurs.

VAN KIRK, J. (dissenting):

The relator complains of the collection of the recording tax on the $250,000 mortgage. This tax is upon the mortgage, not upon any indebtedness whose payment is secured by the mortgage. The indebtedness recited in the mortgage is the measure of the tax. The tax is payable when the mortgage is recorded; its payment is a condition precedent to the recording. This mortgage was recorded; the tax was then legally due. The mortgage was a live, valid instrument when recorded. The execution and recording of the consolidation mortgage or agreement, however, soon after the $250,000 mortgage was recorded, cannot render illegal the tax

thereon; nor can it render that which was a valid mortgage no mortgage.

MCCANN, J., concurs.

Determination of the State Tax Commission, so far as it determines that a mortgage tax of $1,250 became due and payable upon the recording of the mortgage for $250,000, is annulled, and in all other respects confirmed.