The People of the State of New York ex rel. Banner Land Company, Appellant, *v.* State Tax Commission, Respondent.

**Tax — mortgage tax — real property — vendor and purchaser — transfer of real property subject to mortgages does not transfer personal responsibility from original mortgagor to purchaser — mortgage tax improperly imposed upon second mortgage collateral to first and securing same loan when tax has already been imposed for full amount secured by the two mortgages.**

1. A conveyance of real property under which the purchaser took title subject to certain mortgages and the original mortgagor transferred all the right, title and interest in and to all further moneys which were to be advanced by the mortgagee on each of the said mortgage loans does not transfer personal responsibility for the loans from the original mortgagor to the purchaser.

2. Where, at the time of recording the mortgages, the mortgagor paid a recording tax measured by the full amount to be advanced but had received less than one-third that amount when it transferred the premises and where, thereafter, the purchaser, in order to procure from the mortgagee the balance secured by and agreed to be advanced under the mortgages, was compelled to execute new mortgages upon the same premises as collateral security for payment of the original bonds and mortgages, a recording tax upon the new mortgages is improperly imposed. The tax, as provided for in section 253 of the Tax Law, is imposed upon the mortgages and is to be measured by the total debt secured, and a second mortgage collateral to the first one and securing the same loan ought not to be taxed when a tax has already been imposed upon the first mortgage for the full amount of indebtedness secured by the two mortgages. (*People ex rel. U. S. Title Guaranty Co.* v. *Tax Comrs.*, 230 N. Y. 102; *Matter of N. Y. State G. & E. Corp.* v. *Gilchrist*, 209 App. Div. 771; affd., 240 N. Y. 552, distinguished.)

*People ex rel. Banner Land Co.* v. *State Tax Comm.*, 216 App. Div. 775, reversed.

(Argued November 23, 1926; decided December 31, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

160    People ex rel. Banner L. Co. *v.* State Tax Comm.

[244 N. Y. 159]          Points of counsel.                    [Dec.,

department, entered March 30, 1926, which unanimously confirmed, on certiorari, a determination of the State Tax Commission sustaining the imposition of a mortgage tax.

*Harry G. Anderson* and *Louis J. Moss* for appellant. The primary and collateral mortgages are evidence of one and the same debt. Hence the determination of the State Tax Commission exacts a second tax upon the same debt, contrary to the letter and spirit of the Tax Law. (*Metropolitan Trust Co.* v. *State Board of Tax Commissioners,* 172 App. Div. 653; *People ex rel. Buffalo Co.* v. *State Board of Tax Commissioners,* 144 App. Div. 812; 203 N. Y..565; *National Home Mortgage Investment Co.* v. *State Board,* 182 App. Div. 699; *New York State Gas & Electric Corp.* v. *Gilchrist,* 209 App. Div. 771; 240 N. Y. 552.) The recital contained in each of the collateral mortgages is controlling upon the interpretation to be placed on said mortgages and the legal effect to be accorded thereto. (*Metropolitan Trust Co.* v. *State Board of Tax Commissioners,* 172 App. Div. 653; *Wadsworth* v. *Lyon,* 93 N. Y. 201; *Baker* v. *Potts,* 73 App. Div. 29.)

*Albert Ottinger, Attorney-General* (*Seth T. Cole* of counsel), for respondent. The mortgages given by relator are not " supplemental mortgages " within the meaning of that term as used in section 255 of the Tax Law. (*People ex rel. Astor Trust Co.* v. *State Tax Commission,* 174 App. Div. 320; *Griffin* v. *Burtnett,* 4 Edw. 673; *Hyman* v. *Hauff,* 138 N. Y. 48.) The mortgages given by relator create and secure a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the mortgages given by the Emanel Construction Corporation. (*People ex rel. U. S. Title Guaranty Co.* v. *State Tax Commission,* 230 N. Y. 102; *New York State Gas & Electric Corp.* v. *Gilchrist,* 209

App. Div. 771; 240 N. Y. 552; *People ex rel. Jewelers' Building Corporation* v. *State Tax Commission,* 214 App. Div. 99; 241 N. Y. 524; *Hygienic Ice & Refrigerating Co.* v. *Franey,* 142 App. Div. 143.)

HISCOCK, Ch. J.   The appellant seeks a reversal of an order confirming a determination of the State Tax Commission that a tax was properly demanded upon the recording of certain mortgages. Appellant's grantor being the owner of extensive premises made a contract with the City Mortgage Company for certain building loans and in accordance therewith executed four mortgages with bonds, each upon different premises and securing the sum of $65,000 to be advanced thereunder. On recording thereof the mortgagor was charged and paid a recording tax measured by the full amount to be advanced under and upon said mortgages. Thereafter and having received only about $20,000 upon each mortgage and loan it made a conveyance of the premises covered by the four mortgages to the appellant and under which the latter took title subject to the mortgages and the original mortgagor transferred to relator " all the right, title and interest in and to all further moneys which were to be advanced by the City Mortgage Company on each of the said mortgage loans."

When the relator attempted to procure from the mortgagee the balance secured by these mortgages and agreed to be advanced thereunder, the latter taking advantage of a clause in its agreement with the original mortgagor refused to advance such balance unless the relator should execute four new mortgages upon the same premises each in the sum of $44,750 to secure the balance which had not been advanced on the original mortgages.

I find nothing which brings into any dispute the correctness of the statement made in each of these new mortgages and which reads: " This mortgage and the

11

bond which it secures are given as collateral security for the payment of a bond for $65,000 * * * made by the Emanel Construction Corporation (appellant's grantor) to the City Mortgage Company and a mortgage given to secure the same covering the premises above described made by said Emanel Construction Corporation to City Mortgage Company." Thus we have the undisputed facts that each of the mortgages upon which a tax has now been imposed was not given to secure any new or additional loan but was given as collateral security to secure a bond and mortgage which had already been executed and taxed and upon and under which a balance of loan still remaining unpaid was to be advanced. There is some discussion of where the primary and personal responsibility for these loans rests and the materiality of which is not apparent. The respondent, of course, is wrong when it argues that the present appellant has become the primary source of repayment of the sums which had been advanced on the mortgages at the time when the conveyances were made to it. Those conveyances were made subject to the mortgages and not subject to the *payment* thereof and hence personal responsibility was not transferred from the original mortgagor to the appellant. (*Wadsworth* v. *Lyon,* 93 N. Y. 201.) It would also appear that it was the contemplation of the parties that the original mortgagor should remain personally responsible for the amounts which after such conveyances might be advanced under these original mortgages because it was provided that the original mortgagor assigned to appellant " all the right, title and interest in and to all further advances which were to be advanced by the City Mortgage Company on each of said mortgage loans," referring to the original mortgages.

But, however this may be, the tax which has been imposed is upon the mortgage and not upon personal liability created by a bond and the point of this appeal to be constantly borne in mind is that the present mort-

gages were executed upon the same lands as covered by
the original ones and merely as collateral security to
those original mortgages under which the advances
were to be made and upon which taxes had been paid in
full for the amount to be advanced.   Thus, concededly,
if the relator is taxed upon the present mortgages it will
pay a double tax upon nearly two-thirds of the loan which
was provided for and secured by the original mortgages
and the question is whether the taxing statute requires
or permits this.   I do not think that it does.

Section 253 of the Tax Law provides so far as pertinent
as follows:

" Recording Tax.   A tax of 50 cents for each one
hundred dollars and each remaining major fraction thereof
of principal debt or obligation which is, or under any
contingency may be secured at the date of the execution
thereof or at any time thereafter by a mortgage on real
property situated within the State   *   *   *   is hereby
imposed on each such mortgage.   *   *   *"

It has been held by this court (*People ex rel. U. S.
Title, etc., Co.* v. *Tax Commission,* 230 N. Y. 102) that
this tax is imposed upon the mortgage and " is to be
measured by the total debt secured ".   That seems to be
a perfectly justifiable interpretation of the statute and
it would seem to follow that if two mortgages are executed,
one a primary one and the other a collateral mortgage to
the first one, and both to secure the same indebtedness,
and that if the full tax measured by that indebtedness
had been paid upon the first mortgage the second and
collateral mortgage should be free from taxation.

Certainly, in the present case, if the indebtedness of
$65,000 in each case had been secured by two mortgages
coincidently executed instead of by one the aggregate
taxation upon the two mortgages would have been
measured by the total indebtedness and would not have
been increased because there were two mortgages, and by
the same reasoning it seems clear that a second mortgage

164 People ex rel. Banner L. Co. v. State Tax Comm.

[244 N. Y. 159]     Opinion, per Hiscock, Ch. J.     [Dec.,

collateral to the first one and securing the same loan ought not to be taxed when a tax has already been imposed upon the first mortgage for the full amount of indebtedness secured by the two mortgages.

I do not see anything in the cases relied on by the Appellate Division which is contradictory of this view. In the case of *People ex rel. U. S. Title, etc., Co.* v. `Tax Commission* (*supra*) the mortgage originally given had been discharged of record and a new mortgage, quite independent of the first one in its effect, had been given to secure a different and larger sum. Under those circumstances there was clearly a new transaction and it was simply held that the new mortgage was not supplemental within the provisions of section 255 of the Tax Law. The other case (*Matter of New York State G. & E. Corp.* v. *Gilchrist*, 209 App. Div. 771; affd., on opinion of Mr. Justice Kellogg, 240 N. Y. 552) if pertinent at all seems to affirm the views herein expressed rather than to contradict them. In that case after bonds secured by a mortgage upon which a tax had been duly paid were issued, the relator made a new issue of bonds for the purpose of replacing the issue theretofore made and secured by a mortgage. These new bonds were delivered to the holders of the old bonds for the purpose of retiring the latter and were secured by a new mortgage, and the question arose whether a mortgage tax could be imposed because of this later issue. This tax was exacted by the recording officer but on appeal it was held that the same should be refunded and in reaching this conclusion it was written: "There was here the creation of no new relationship; there was no new creditor, no new debtor, no new loan. It must be remembered that it is the principal sum of a loan, not the interest to be paid thereupon, which measures a mortgage tax. Here there was no new principal sum although there was a new interest rate and a new date of payment. 'Whenever a further amount is to be advanced under the original mortgage,'

a tax, measured by the advance, must be paid. No
' further amount ' was advanced under this mortgage."
That is precisely the present situation. No new or
further sum is being advanced upon the mortgages which
are now being taxed. Under the exactions of the mort-
gagee they are simply being executed as collateral to and
for further security of the first mortgages which already
had been taxed for the full amount to be advanced.

It may also be urged with force that the new mortgages
come within the spirit and fair interpretation of that
provision of the Tax Law which reads:

" Supplemental Mortgages. If subsequent to the
recording of a mortgage on which all taxes, if any, accrued
under this article have been paid, a supplemental instru-
ment or mortgage is recorded for the purpose of correcting
or perfecting any recorded mortgage, * * * such
additional instrument or mortgage shall not be subject
to taxation under this article, unless it creates or secures
a new or further indebtedness or obligation other than
the principal indebtedness or obligation secured by or
which under any contingency may be secured by the
recorded primary mortgage, * * *."

As has been stated the mortgagee under its agreement
with the first mortgagor had the right to refuse to make
further advances because of the transfer by that mort-
gagor to the present mortgagor and by virtue of this
right it insisted that the latter should execute the second
mortgage as collateral before making the full advances
under the first mortgages. For practical purposes the
second mortgages were, therefore, executed for the purpose
of " perfecting " the original mortgages. By the execu-
tion of the latter mortgages the first ones were so
strengthened or perfected that the mortgagee was willing
to proceed under them and make the advances which it
had originally agreed to make.

Under these circumstances we think that the order of
the Appellate Division and the determination of the Tax

Commission should be respectively reversed and annulled with costs in this court and in the Appellate Division, and the moneys paid under protest be returned to the relator, with fifty dollars costs and disbursements.

MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; CARDOZO, POUND and ANDREWS, JJ., dissent.

Ordered accordingly.