THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK TITLE AND MORTGAGE COMPANY, Relator, *v.* THE STATE TAX COMMISSION, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BOWERY SAVINGS BANK, Relator, *v.* THE STATE TAX COMMISSION, Respondent. Third Department, May 4, 1927.

Mortgages — mortgage tax — original mortgage on which tax was paid contained provision for two separate mortgages to cover portion of premises for amount not greater in aggregate than original mortgage — mortgages executed pursuant to agreement are not subject to tax — said mortgages are exempt under Tax Law, § 255.

A mortgage executed by relators' assignor on real property, on which two buildings were being erected, was recorded and the mortgage tax thereon paid. The mortgage contained a provision that upon the completion of the buildings the mortgage should be divided into two separate mortgages, each to cover a portion of the premises in such sum as might be agreed upon by the parties, but not to exceed in the aggregate the sum secured by the mortgage, and that said new mortgages were not to create any new indebtedness. The new mortgages were assigned to the relators and the State Tax Commission denied the

claim for exemption from tax. · Said new mortgages are within section 255 of the Tax Law, providing for exemption of supplemental mortgages and they should have been exempted from a further tax.

CERTIORARI in the first above-entitled proceeding issued out of the Supreme Court and attested on the 17th day of December, 1925, directed to the State Tax Commission, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had in reference to the exemption of a certain mortgage from payment of a recording tax.

Certiorari in the second above-entitled proceeding issued out of the Supreme Court and attested on the 17th day of December, 1925, directed to the State Tax Commission, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had in reference to the exemption of a certain mortgage from payment of a recording tax.

*Henry M. Bellinger* [*L. L. Osborn* and *J. Elmer Melick* of counsel], for the relators.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondent.

DAVIS, J.   On November 1, 1922, 78 Eighth Avenue, Incorporated, made and executed a mortgage to Donco Co., Inc., to secure the payment of an indebtedness of $500,000.   This mortgage was recorded in the Kings county register's office on November eighth, at which time the full amount of the mortgage tax was paid.   The buildings on the premises covered by the mortgage were evidently at the time in the course of construction, and the mortgage had been preceded by a building loan contract.   The mortgage contained this provision: " Upon the completion of the buildings about to be erected upon the premises covered and affected by this mortgage, this mortgage shall be divided into two separate mortgages each to cover a portion of the premises herein described in such sums as may be agreed upon by the mortgagor and mortgagee but not to exceed the aggregate sum hereby secured and without creating any new indebtedness."

On December 17, 1923, two mortgages were made and delivered between the same parties, one for $325,000 and the other for $175,000.   These mortgages contained the following provision: " This mortgage and one of even date by the same mortgagor to the same mortgagee covering adjoining premises are given to replace and in substitution for a mortgage dated November 1st, 1922, by the same mortgagor to the same mortgagee for the aggregate principal indebtedness of $500,000,   *   *   *   being the same indebtedness secured hereby and by said mortgage ·of even date herewith."

When these mortgages were offered for record they were accompanied by the affidavit of the president of the mortgagor setting forth the facts relative to the giving of the original mortgage, and stating that the buildings which were to be erected upon the premises had been substantially completed, and that two new mortgages respectively covering portions of the same property had been executed in place and stead of the original mortgage; that a satisfaction piece of the original mortgage had been duly executed; and no additional money had been loaned or delivered; and asking that the register of Kings county accept the two mortgages for record without payment of any additional tax. They were so accepted and recorded, and the exemption noted on the record.

On December 17, 1923, the larger mortgage was assigned to the New York Title and Mortgage Company, and the smaller one was assigned January 9, 1924, to the Bowery Savings Bank, both assignments being duly recorded. The assignees state, and it is entirely reasonable, that in purchasing the mortgages and taking the assignments they relied on the record of tax exemption.

The register of Kings county gave notice to the relators February 26, 1925, that the State Tax Commission had denied the claim for exemption on these mortgages, and that there was a tax for the full amount, together with a penalty due on them; and that no assignment, extension, release or satisfaction could be accepted for record until such tax and penalty were paid. The relators by petition then asked the State Tax Commission to review the matter. The Commission denied the claim for exemption. It is this determination that the relators now seek to review by certiorari. The facts are not in dispute.

A recording tax measured by the principal debt or obligation which is secured is imposed by section 253 of the Tax Law (as amd. by Laws of 1916, chap. 323). Certain exceptions are made by section 255 (as amd. by Laws of 1916, chap. 323) entitled "Supplemental mortgages." It provides, so far as material here, as follows: "If subsequent to the recording of a mortgage on which all taxes * * * have been paid, a supplemental instrument or mortgage is recorded for the purpose of correcting or perfecting any recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is or under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than

the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage     *   *   *."

As has been stated, the parties to the original mortgage contemplated and made provision for the division of the original mortgage into two separate mortgages, each to cover a portion of the premises therein described. When the building was substantially completed this purpose was carried out pursuant to that provision. No new debt or obligation arose. No further sum of money was loaned or paid, and no new relationship created. The giving of the new mortgages was entirely an act of convenience in financing between the parties. It may be that by some play upon words the mortgages given to replace the former mortgage or in substitution for it, may be distinguished from a " supplemental " mortgage. In substance and effect they fall within the manifest purpose of the statute that double taxation should not be imposed on a mortgage given pursuant to some provision or covenant in a preceding mortgage and creating or securing no " new or further indebtedness or obligation." It does not differ in principle from one given for the purpose of correcting or perfecting a recorded mortgage, where it becomes necessary to correct an error in the description of the property, or in some other of its terms; or from an additional mortgage imposing a lien upon property not originally covered by the premises mortgaged for the purpose of securing the principal indebtedness. Convenience and clarity would often suggest that such corrections or additions be made by redrafting the entire mortgage and discharging the old one, instead of filing some separate instrument referring to and amending certain parts thereof. For practical purposes it is the same. (*People ex rel. Banner Land Co.* v. *State Tax Comm.,* 244 N. Y. 159, 165.) No new debt is thereby created.

The tax is imposed not upon the debt itself but upon the written evidence of collateral security required to be recorded. The debt is merely the basis for computation of the tax. The adoption of section 255 of the Tax Law must have been for a remedial purpose to relieve the hardship and inequities imposed by strict and literal adherence to the provisions of section 253. Otherwise, one would be required to pay a new recording tax if he desired to correct errors in the previous mortgage, take additional security or for purposes of convenience, make some changes in the provisions of a mortgage already given where that right had been reserved and where no new consideration passed and no new obligation or relationship was created. Where there is no evident purpose of tax evasion this remedial statute should be liberally construed, for the law does

not favor double taxation. (*People ex rel. Home Mortgage Inv. Co.* v. *Tax Comrs.*, 182 App. Div. 699; *Matter of New York State Gas & Electric Corp.* v. *Gilchrist*, 209 id. 771; affd., on opinion below, 240 N. Y. 552; *People ex rel. Banner Land Co.* v. *State Tax Comm.*, supra, 163.)

This case differs materially in its facts from *People ex rel. U. S. Title Guaranty Co.* v. *State Tax Comm.* (230 N. Y. 102), where the new mortgage was not only for a larger sum, but was one made upon a new agreement not provided for in the original mortgage. Here the only uncertainty in the provision for the new mortgages was that the separate mortgages were to be divided " in such sums as may be agreed upon by the mortgagor and mortgagee." Very likely this provision could not have been enforced by specific performance or otherwise, if one party had refused to be bound by it. (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30, 36.) The situation did not arise. The parties recognized the obligation and performed; and no significance need now be attached to this indefinite term.

The present case differs also from *People ex rel. Jewelers Building Corp.* v. *State Tax Comm.* (214 App. Div. 99; affd., 241 N. Y. 524), where a new mortgage was united with one previously given, by a consolidation agreement made with a new party, and with a new bond given for the full amount of both mortgages.

The argument opposed to the claim of relators is entirely technical. No consideration is given to the injustice of double taxation, to the question of whether there is a new loan or debt, or to the purpose of the provisions of section 255 of the Tax Law.

The determination should be annulled, with fifty dollars costs and disbursements.

VAN KIRK, Acting P. J., HINMAN, McCANN and WHITMYER, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements.