THE PEOPLE OF THE STATE OF NEW YORK ex rel. WESTBROOK-BUFFALO, INC., Relator, *v.* THE STATE TAX COMMISSION, Respondent.

Third Department, November 1, 1939.

*Wilcox & Van Allen* [*John W. Van Allen* of counsel; *George B. Barrell* and *Archibald M. Laidlaw* with him on the brief], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Harry T. O'Brien, Jr., Special Assistant Attorney-General,* of counsel], for the respondent.

Bliss, J.  On December 9, 1935, there was recorded in the Erie county clerk's office a document which by its own terms was designated as a " mortgage indenture," dated November 1, 1935, between Westbrook-Buffalo, Inc., and the Continental Bank and Trust Company of New York.  It recited that the mortgagee had authorized an issue of bonds aggregating $707,500 in principal amount to be known as its fifteen-year income bonds, and the principal of and interest on these bonds were to be secured by the execution and delivery of this mortgage.  The bonds contained a promise on the part of the mortgagor to pay the principal thereof with interest at certain specified rates out of the available net income of the company from the operation of the property covered by the mortgage.  The mortgagor paid the mortgage recording tax thereon under protest.  It is to be noted that the only claim made by the mortgagor at that time was that this mortgage was exempt because it was being given in a reorganization proceeding and was in effect an extension or refunding of a previous mortgage.

The original mortgage of July 5, 1923, had been made by West-brook Corporation for $900,000.  Thereafter the mortgaged property was conveyed through four various successive grantees to Westbrook-Buffalo, Inc., the last conveyance being made in the reorganization proceeding.  Upon the execution of the mortgage of November 1, 1935, the lien of the old mortgage was discharged by a release duly recorded and a new lien created by the new

mortgage. Thus we have a new mortgage, made by a new mortgagor, to a new mortgagee, containing new terms of payment and new conditions and a new lien created on the premises. On December 6, 1935, this mortgage was clearly subject to the payment of the mortgage recording tax. (*People ex rel. Williamsburgh Savings Bank* v. *Tax Commission*, 245 N. Y. 414; *People ex rel. U. S. Title G. Co.* v. *Tax Commission*, 230 id. 102.) It did not fall within the definition of a supplemental mortgage under section 255 of the Tax Law and the relator did not so contend at that time.

It is now urged, however, that this mortgage is exempt from the mortgage recording tax by reason of the enactment of chapter 373 of the Laws of 1936, in effect May 1, 1936. It was recorded and the tax paid before chapter 373 of the Laws of 1936, which amended section 252 of the Tax Law, was enacted or became effective. Consequently the tax should not now be refunded. (*Matter of Gramott Corp.* v. *Graves*, 255 App. Div. 255; affd., 280 N. Y. 588.) As to the exemption created by chapter 373 of the Laws of 1936, this mortgage is in exactly the same position as the one in the *Gramott* case save for the protest. The tax was perfectly legal when collected and, therefore, the protest was of no effect.

The determination should be confirmed, with costs.

CRAPSER and SCHENCK, JJ., concur; FOSTER, J., dissents, with an opinion in which HILL, P. J., concurs.

FOSTER, J. (dissenting). On July 5, 1923, the Westbrook Corporation executed a trust mortgage to secure bonds in the sum of $900,000. When the same was recorded a tax of $4,500 was paid thereon. The premises covered were thereafter conveyed to the Westbrook Operating Co., Inc., whose stock was all owned by a bondholders' committee. Subsequently the Continental Bank and Trust Company became successor trustee, and began an action to foreclose the mortgage.

On May 23, 1935, and after foreclosure proceedings had been commenced, the Westbrook Operating Co., Inc., instituted proceedings in the United States District Court for reorganization under section 77B of the National Bankruptcy Act. Under this proceeding the holder of the record title was directed to convey the premises to a corporation known as the Westbrook-Buffalo, Inc. (petitioner herein), which was created by order of the court under the reorganization plan. As a part of the plan a new mortgage was given to secure $707,500 of bonds of the Westbrook-Buffalo, Inc. (the new corporation), that being the principal amount out-

standing at that time of the bonds secured by the first trust mortgage. The old bonds are to be exchanged for the new, and the new bonds provided extended terms of payment. The old bonds are to be retained by the trustee as additional security, and not canceled until the new bonds are paid. Likewise the old mortgage was not discharged, but surrendered and held as additional security for the new issue.

Upon presentation of the new mortgage the recording clerk demanded and collected a new recording tax. Such tax was paid under protest and the mortgage was recorded December 9, 1935.

When the transaction is viewed as a whole under the plan of reorganization and the court orders in connection therewith, the effect of the proceeding was merely to reduce the old mortgage to the amount of bonds outstanding, and substitute the new mortgage therefor. No money .changed hands, no new indebtedness was created and no additional property was covered.

The mortgage in question was substituted for the original mortgage in pursuance of a plan of reorganization under the Federal Bankruptcy Act and the statute (Tax Law, § 252) applies, and is conclusive. (*People ex rel. Metropolitan Playhouses, Inc.*, v. *Graves*, 251 App. Div. 655.)

The statute reads in part: " No mortgage of real property situated within this State * * * shall be exempt, from the taxes imposed by this article * * * and except that mortgages of real property situated within this State which are executed, given or made subsequent to June seventh, nineteen hundred thirty-four, and which are substituted for other mortgages as a part of and in compliance with a plan of reorganization pursuant to the provisions of section seventy-seven-b of the Federal Bankruptcy Act, are and shall be exempt from taxes imposed by this article to an amount not exceeding the amount of such mortgage indebtedness outstanding at the time of the consummation of such reorganization, and any person or corporation owning any debt or obligation secured by such a mortgage of real property situated within this State is and shall be exempt from the taxes imposed by this article."

The instrument involved here comes within the legislative exemption.

The determination in the case should be annulled.

HILL, P. J., concurs.

Determination confirmed, with fifty dollars costs and disbursements.