In the Matter of PARK AND 46TH STREET CORPORATION, Petitioner, against STATE TAX COMMISSION, Respondent.

Third Department, March 7, 1945.

**8**

*Simpson, Thacher & Bartlett,* attorneys (*Hamilton C. Rickaby, Courtland Kelsey* and *Charles H. Birdsall* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General, Herman F. Nehlsen, Assistant Attorney-General* of counsel), for respondent.

HEFFERNAN, J. The facts in this proceeding are not disputed. Petitioner seeks a review of a determination of the State Tax Commission, denying petitioner's refund claim of mortgage taxes in the sum of $5,375, and affirming the action of the Register of the City of New York in collecting such tax upon the recording of a certain instrument, hereinafter described as a " Third Supplemental Indenture ". The tax was paid under protest.

On July 15, 1935, the Park and 46th Street Corporation executed a mortgage to Chase National Bank of the City of New York, trustee, in the sum of $1,800,000 and paid a mortgage tax of $9,000 upon recording on August 22, 1935. This mortgage pledged a leasehold which expired October 1, 1947, with privilege to renew to April 1, 1965, and provided for the issuance of and securing of 5% bonds aggregating $1,800,000, the bonds to be issued in twenty-four series of $75,000 each with consecutive maturity dates July 15th and January 15th up to and including July 15, 1947. The mortgage contains no provision for issuance of refunding bonds and no covenant providing for refinancing.

On December 15, 1939, a supplemental instrument between the parties was recorded providing for the issuance of additional bonds in the aggregate amount of $300,000, bearing interest at the rate of 4%, to be issued in fifteen series of $20,000 each, to mature January 15th and July 15th, consecutively up to July 15, 1947. A recording tax of $1,500 was paid upon the recording of the instrument.

An instrument entitled " Second Supplemental Indenture ", dated July 15, 1941, and recorded December 12, 1941, provided for the issuance of $420,000 of 5% bonds all maturing July 15, 1947, in partial replacement of previously issued bonds. The register granted tax exemption on this instrument.

The instrument involved here entitled " Third Supplemental Indenture ", dated November 15, 1943, was recorded November 30, 1943. This recites the making of the 1935 mortgage and the 1939 and 1941 indentures and the issuance of the bonds aggregating $1,800,000, $300,000 and $420,000, respectively, thereunder; and that there are outstanding 5% bonds and 4% bonds aggregating $1,075,000. It provides for a new series of 4½% bonds aggregating $1,200,000 in forty series of $30,000 each, to be lettered A through Z and AA through NN, with series A to mature May 15, 1944, and bonds of consecutively lettered series to mature each November 15th and May 15th thereafter, to and including November 15, 1963. The leasehold estate expiring April 1, 1965, is pledged and the new bonds are stated to be issued under and secured by the 1935 mortgage and the 1939, 1941 and 1943 indentures. A portion of these bonds aggregating $1,075,000 are to be delivered " only to the registered holder of all of the Old Serial Bonds upon surrender to the Trustee by said registered holder of all the Old Serial Bonds for cancellation." The petitioner herein requested that an exemption be granted from the recording tax as to this $1,075,000 of indebtedness evidenced by these bonds and secured under the indenture. This exemption was denied.

Petitioner claims exemption solely under section 255 of the Tax Law. A mortgage is defined as an instrument which " imposes a lien on or affects the title to real property, notwithstanding that such property may form a part of the security for the debt or debts secured thereby." (Tax Law, § 250.) By the provisions of section 253 of the Tax Law such an instrument is subject to a recording tax. The tax is imposed not upon the debt itself but upon the written evidence of collateral security required to be recorded. The debt is merely the basis for computation of the tax. (*People ex rel. N. Y. T. & M. Co.* v. *State Tax Comm.*, 220 App. Div. 396, affd. 245 N. Y. 603; *People ex rel. Metro. Playhouses, Inc.*, v. *Graves*, 251 App. Div. 655, affd. 275 N. Y. 621.)

Section 255 of the Tax Law under which petitioner claims exemption provides: " If subsequent to the recording of a mortgage on which all taxes, if any, accrued under this article have been paid, a supplemental instrument or mortgage is recorded

for the purpose of correcting or perfecting any recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is or under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case, a tax is imposed as provided by section two hundred and fifty-three of this chapter on such new or further indebtedness or obligation, and shall be paid to the proper recording officer at the time such instrument or additional mortgage is recorded. If at the time of recording such instrument, or additional mortgage any exemption is claimed under this section, there shall be filed with the recording officer and preserved in his office a statement under oath of the facts on which such claim for exemption is based. The determination of the recording officer upon the question of exemption shall be reviewable by the tax commission."

To be entitled to an exemption under this section the supplemental mortgage must be recorded: (1) For the purpose of correcting or perfecting a prior recorded mortgage; (2) Pursuant to some provision or covenant in a prior recorded mortgage; (3) For the purpose of imposing the lien of a prior recorded mortgage upon property not originally covered by or not described in such prior recorded mortgage as additional security thereunder.

There is no claim here that the instrument of November 15, 1943, was recorded for the purpose of correcting or perfecting a prior recorded mortgage, nor was it offered for record for the purpose of imposing a lien upon property not originally covered by or not described in a prior recorded mortgage as additional security thereunder.

The petitioner contends that the supplemental indenture of November 15, 1943, falls within the purview of section 255 because it is offered for record pursuant to some provision or covenant contained in the original mortgage. There is no covenant or provision in the mortgage under which the mortgagor or mortgagee would be obliged to give or accept a new mortgage if requested. In *People ex rel. U. S. Title G. Co.* v. *State*

*Tax Comm.* (230 N. Y. 102, at p. 105) the court said: "We think that none of these exceptions is applicable here. The mortgage now in controversy is not a supplemental one at all. It does not correct or perfect any error or omission. It is not made ' pursuant to some provision or covenant ' contained in an existing mortgage, i.e., in fulfillment of some obligation to give or to accept it. The statement that the mortgagee shall have the option to accept another and larger mortgage at the mortgagor's request is not a covenant at all. It is not a ' provision ' imposing some obligation ' pursuant to ' which anything has been or could be done. It is merely an assertion that the parties have capacity to make another contract if they please. In this respect the case is unlike *People ex rel. Home Mortgage Investment Co.* v. *State Board of Tax Commissioners* (182 App. Div. 699), relied on by the Appellate Division. There the mortgagor was not merely privileged, but required, to make a new mortgage if requested. Finally, the mortgage before us is not a supplemental instrument imposing a lien upon property ' not originally covered by or described in ' the mortgage first recorded."

An examination of the indenture in question shows that it is in all respects a complete mortgage in which the leasehold estate is described in full, in which the form of the bonds to be issued is completely set forth and in which the petitioner, Park and 46th Street Corporation, pledges its property to secure indebtedness not to exceed at any one time $1,200,000. It therefore falls within the definition of a mortgage as set forth in section 250 of the Tax Law.

In our opinion the decision in *People ex rel. Jewelers B. Corp.* v. *State Tax Comm.* (214 App. Div. 99, affd. 241 N. Y. 524) is controlling here. In that case the taxation of a consolidation agreement securing a bond for $1,000,000 was sustained. The agreement recited that it consolidated a mortgage in the amount of $750,000 executed by the same mortgagor with another mortgage of $250,000, both of which mortgages were and continued to be unsatisfied of record. It provided for the elimination of the bond secured by the earlier mortgages and the making of a new bond by the same mortgagor in the amount of $1,000,000, to be secured by the new instrument. The court held that the so-called consolidation agreement was a mortgage within the meaning of the mortgage tax article of the Tax Law. Petitioner asserts that the prior mortgages in that case, unlike the mortgages in the instant case, were discharged. However, an examination of the original record discloses an affidavit by the attorney for the Jewelers Building Corporation, Schedule 10

attached to the original petition, which reads as follows: " The affidavits show that the arrangement herein applied was as to form only, that no new loan was made to the mortgagor; that the $750,000 mortgage and the $250,000 mortgage were not satisfied, are still open on record and are merged into the $1,000,000 mortgage or consolidation agreement as by reference therein disclosed."

The petitioner occupies no different position in the case at bar with respect to the payment of the tax on the $1,075,000 from that of the petitioners in the *Jewelers Building* case where a tax was assessed against a mortgage of $750,000 although a tax had previously been paid when the mortgage was originally recorded. The consolidation agreement which included a new mortgage and the old mortgage of $750,000 was held not to be supplemental within the meaning of section 255 of the Tax Law.

The decisions in *Matter of Gramott Corp.* v. *Graves* (255 App. Div. 255, affd. 280 N. Y. 588) and *People ex rel. Westbrook-Buffalo* v. *State Tax Comm.* (257 App. Div. 705, affd. 283 N. Y. 552) involved application for refunds made on mortgages which after the passage of the amendment to section 252 would have been tax free. The courts in both cases considered first whether the mortgage was exempt under the provisions of section 255 since obviously they did not fall within the exemption granted by the Legislature in amending Tax Law, section 252. In both cases the tax was upheld and the claim that the mortgages were not taxable under section 255 was denied.

In *People ex rel. Banner L. Co.* v. *State Tax Comm.* (244 N. Y. 159), cited by the petitioner, it was held that the mortgages fell within the terms of the exceptions in section 255 because they were executed for the purpose of perfecting the original mortgage.

The petitioner places its main reliance upon the cases of *People ex rel. B. & M. R. R.* v. *Loughman* (227 App. Div. 361, affd. 254 N. Y. 513) and *Matter of New York State Gas & El. Corp.* v. *Gilchrist* (209 App. Div. 771, affd. on opinion below 240 N. Y. 552). These cases are not in point having been decided under the provisions of section 259 of the Tax Law.

It should be noted that in neither the *Boston & Maine* nor *New York State Gas & Electric* cases cited by the petitioner was there a supplemental mortgage under consideration. Those decisions accordingly are not authority on the present issue.

Since the supplemental indenture herein is to all intents and purposes a new mortgage and does not fall within the exemptions

set forth in section 255 of the Tax Law, we submit that it is subject to the full amount of the tax.

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J. (dissenting). Review under article 78 of the Civil Practice Act of a determination made by the State Tax Commission imposing a tax of $5,375 in connection with the recording of the " Third Supplemental Indenture " (two earlier supplemental indentures are not involved) executed by the petitioner. The tax was paid under protest, and a refund is asked.

The essential facts are that petitioner, Park and 46th Street Corporation, on July 15, 1935, executed a mortgage to the Chase National Bank as trustee, to secure the payment of $1,800,000 to the Metropolitan Life Insurance Company. The recording mortgage tax was paid. Five per cent bonds were issued, which were delivered to, and have since been held by, the insurance company. On November 15, 1943, the indenture, the tax for the recording of which is involved herein, was made and executed. At that time $1,075,000 of the original debt was unpaid. Nine hundred and fifteen thousand dollars of the bonds drew interest at 5%, and $160,000 at 4% maturing $160,000 each year until 1947 when the balance of $595,000 became due. The Third Supplemental Indenture, besides securing the bonds which were to be exchanged for those unpaid, was security for a new loan of $125,000. The entire $1,200,000 was to be represented by 4½% bonds maturing $60,000 annually until November 15, 1963. Petitioner recognizes its obligation to pay the recording tax on the new debt of $125,000. The insurance company, owner of all the old bonds, consented to the execution of the Third Supplemental Indenture and agreed to surrender the old bonds and receive the new ones in exchange. There was no cash transaction.

The facts in *Matter of New York State Gas & El. Corp.* v. *Gilchrist* (209 App. Div. 771, affd. 240 N. Y. 552, on the opinion by KELLOGG, J., in the Appellate Division) made it an authority as indicated by the following from the opinion: " * * * the new bonds were delivered directly into the hands of the old bondholders who thereupon canceled prior bonds to the extent of an aggregate principal sum equaling that of the new bonds. The new bonds were issued for the purpose, not of sale, but of direct substitution. The mortgagor, by an agreement made in advance of the issue, was obliged to give new bonds for old, while the mortgagee was obliged to make the exchange. It is true that

by the new bonds the mortgagor promised to pay in 1962 what it had previously agreed to pay in 1947 and 1952. It is also true that it promised to pay interest at five and one-half per cent whereas it had previously agreed to pay interest at five and six per cent. * * * There was here the creation of no new relationship; there was no new creditor, no new debtor, no new loan. It must be remembered that it is the principal sum of a loan, not the interest to be paid thereupon, which measures a mortgage tax. Here there was no new principal sum although there was a new interest rate and a new date of payment."

In *People* v. *Boston & Maine Railroad* (202 App. Div. 54, affd. 234 N. Y. 629) the new bonds were sold and the proceeds used to discharge the old bonds, so that a new indebtedness was created. A discussion of the distinction between this and the *Gas & Electric* case (*supra*) is contained in *People ex rel. B. & M. R. R.* v. *Loughman* (227 App. Div. 361, affd. 254 N. Y. 513, without opinion). The *Gas & Electric* case (*supra*) has also been cited with approval in *People ex rel. Banner L. Co.* v. *State Tax Comm.* (244 N. Y. 159, 164) in the following language: " In that case after bonds secured by a mortgage upon which a tax had been duly paid were issued, the relator made a new issue of bonds for the purpose of replacing the issue theretofore made and secured by a mortgage. These new bonds were delivered to the holders of the old bonds for the purpose of retiring the latter and were secured by a new mortgage, and the question arose whether a mortgage tax could be imposed because of this later issue." The tax which had been imposed by the Commission in the *Banner Land* case (*supra*) and affirmed by the Appellate Division (216 App. Div. 775), was annulled and refunded. The above authorities and others have been considered quite recently by this court in *Matter of Erie R. R. Co.* v. *State Tax Commission* (260 App. Div. 268, affd. without opinion, 284 N. Y. 673).

The State relies upon *People ex rel. Jewelers B. Corp.* v. *State Tax Comm.* (214 App. Div. 99, affd. without opinion 241 N. Y. 524). The opinion in the Appellate Division was written by the same justice who wrote in the *Gas & Electric* case (*supra*). In the *Jewelers* case (*supra*) the earlier mortgage was superseded by a new one, and the old debt and obligation was discharged and a new one created. These facts distinguish it from the present case, and from those earlier cited herein.

The only recording tax which accrued in connection with the Third Supplemental Indenture in this case is upon the new

loan of $125,000. The tax has earlier been paid upon the remaining $1,075,000, and petitioner is entitled to a refund of the $5,375 erroneously taxed and which it has paid under protest.

The decision of the State Tax Commission insofar as it determined that a recording tax of $5,375 became due and payable upon the recording of the Third Supplemental Indenture herein should be annulled, with costs, and a refund of $5,375 directed.

BREWSTER and LAWRENCE, JJ., concur with HEFFERNAN, J.; HILL, P. J., dissents in an opinion in which FOSTER, J., concurs.

Determination confirmed, with fifty dollars costs and disbursements.