In the Matter of DEFIANCE PAPER COMPANY, Respondent, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Appellants.

MEMORANDUM BY THE COURT. On December 1, 1927, the Defiance Paper Company executed a trust indenture to the Niagara Falls Trust Company, trustee, which was the predecessor of the Power City Trust Company of Niagara Falls, trustee, mortgaging real estate and personal property to secure an issue of bonds in the amount of five hundred thousand dollars. This trust indenture was recorded

in the Niagara County clerk's office and the mortgage recording tax paid thereon. On December 1, 1939, of these bonds there was unpaid and outstanding $238,800, which were on that date called in and new bonds issued in exchange therefor to their holders. On the same date, the present trust indenture was executed by the Defiance Paper Company to the Power City Trust Company, as trustee, to secure payment of this $238,800 and by this instrument certain additional personal property was pledged in pursuance of a request made in accordance with the terms of the 1927 trust indenture. Certain of the real and personal property pledged under the 1927 indenture had previously been released. The new indenture was recorded without the payment of a recording tax under the claim of the petitioner that it was an additional mortgage under section 255 of the Tax Law and exempt from the recording tax. After the recording, the Tax Commission advised the county clerk that the new indenture was taxable. A hearing was then noticed by the State Tax Commission pursuant to Tax Law, section 251, to review the determination of the recording officer of Niagara County and apparently a hearing was held, at which only documentary evidence or affidavits were received in evidence. The return of the Tax Commission does not include any minutes of such hearing, but the decision of the Tax Commission recites that the Commission had instituted a proceeding to review the determination of the recording officer and that notice of a hearing had been given at which there were appearances for the petitioner and the trustee and that the determination was made after " examination of the record and proofs presented ". The State Tax Commission determined that the mortgage was subject to the recording tax and the determination of the recording officer was annulled. It thus appears that there was a hearing of some sort at which evidence was taken. There is now no substantial dispute upon the facts and the question is whether the facts authorized the determination of the Commission. Consequently the proceedings should have been transferred for disposition to this court and we shall treat the matter as if it had been properly so transferred. (Civ. Prac. Act, § 1296.)

Upon the merits, the determination of the Special Term was correct. The instrument was not taxable. (Tax Law, § 255.)

Determination of State Tax Commission annulled, with fifty dollars costs and disbursements.

BREWSTER, J. (dissenting). I dissent from the proposed decision as based upon the merits, vote to reverse the order appealed from and to confirm the determination made by the appellants (Tax Commission) which held petitioner-respondent's 1939 mortgage nonexempt under section 255 of the Tax Law, from, but liable to, the payment of the mortgage recording tax imposed by section 253 of said statute.

To become entitled to the tax exemption it claims, it was incumbent upon petitioner-respondent to show clearly either: (1) that its 1939 mortgage was " recorded for the purpose of correcting or perfecting " its prior 1927 recorded mortgage, or " pursuant to some provision or covenant therein," or (2) that the mortgage in question was in addition to its said prior recorded mortgage and (a) imposed a lien upon property not originally covered by or described therein, and (b) that it was recorded for the purpose of securing only the principal indebtedness which was, or under any contingency might be, secured by the primary mortgage, and (c) that such additional mortgage neither created nor secured a " new or further indebtedness or obligation " other than the principal one thus secured by the " primary mortgage." (Tax Law, § 255.)

In my opinion the undisputed evidence amply warranted the Tax Commission in determining that petitioner-respondent had not clearly established its right to the tax exemption upon any of the grounds aforesaid. Considered as a supplemental mortgage, the 1939 indenture concededly was not recorded in order to correct or perfect the primary one. Nor was it sufficiently shown that it was given pursuant to some provision or covenant contained in the primary mortgage, within the meaning of the statute, as a feature which gave it the status of tax exemption. There was no provision in the earlier indenture which sanctioned the arrangement which was accomplished, viz., postponement of the payment of the part of the obligation which had become due and was not paid. This, under the evidence, seems to me to have been its only purpose and effect. The claim to exemption as founded upon the provision in the primary mortgage for a further mortgage or pledge to cover additional property is unavailing unless the evidence shows that such additional property was in fact not initially covered by the mortgage in question. In my opinion this claim fails because of the " after acquired property " clauses in the primary mortgage. As between the mortgagor and its trustee and bondholders the lien of the primary mortgage extended to all the property covered by the 1939 indenture. (*Guaranty Trust Co.* v. *N. Y. & Q. C. Ry. Co.*, 253 N. Y. 190.)

While the primary, 1927, mortgage has not been discharged of its record, it is difficult for me to understand any office which it now fulfills, or any function it can now perform with respect to the indebtedness now secured by the later one. The evidences of indebtedness it once secured, the bonds, have either been paid or mostly surrendered for new ones issued under and secured by the new mortgage in question. As to the latter it is difficult to see how the old mortgage could be foreclosed. As to them, only its shell remains in the shadow of its record. Its life has gone. I have found no case where a new mortgage, given to secure a part of the past due principal indebtedness secured by a former one upon which the recording tax has been paid, and under which new mortgage the payment of the balance of the old indebtedness, evidenced by new and superseding indicia, is effectually and solely secured and carried on into the future under new and different terms of payment, has been held to be supplemental or additional to the old mortgage and thus entitled to record tax free. In *People ex rel. Banner L. Co.* v. *State Tax Comm.* (244 N. Y. 159, 165), that " * * * the second mortgages were * * * executed for the purpose of ' perfecting ' the original ", seems to have there entitled the exemption. In *Matter of New York State Gas & El. Corp.* v. *Gilcrest* (209 App. Div. 771, affd. 240 N. Y. 552) and *People ex rel. B. & M. R. R.* v. *Loughman* (227 App. Div. 361, affd. 254 N. Y. 513) the question was not presented as to the recording tax upon a subsequent mortgage superseding the primary one, and the questions there decided do not appear to have involved any construction of section 255 of the Tax Law but rather they had to do with the provisions of section 259 of said statute, and thus the *excise* nature of the tax on mortgages was not considered consequential; and in *People ex rel. Metro. Playhouses, Inc.*, v. *Graves* (251 App. Div. 655, affd. 275 N. Y. 621) Mr. Justice Heffernan writing for the majority of the court, held that the supplemental indenture which was there in question " was executed and delivered to amend, alter and reduce the original mortgage ", and that the lien of the original mortgage was not destroyed nor was any new lien or debt created. Moreover, in that case the fact that the supplemental indenture was conceived as a result of a reorganization under section 77B of the National Bankruptcy Act (U. S. Code, tit. 11,

§ 207, as it then existed) was given as a final consideration for its exemption from a mortgage tax by virtue of the amendment to section 252 of the Tax Law by chapter 373 of the Laws of 1936.

The tax in question partakes of the nature of an excise tax (*Franklin Society v. Bennett,* 282 N. Y. 79) and the Legislature does not seem to have seen fit to have granted an exemption therefrom to such a refinancing, refunding or renewed financing arrangement as the one here shown. It is not one of the " exceptions established by the statute." (See *People ex rel. U. S. Title G. Co.* v. *Tax Comm.,* 230 N. Y. 102, 105.) Moreover, even an additional mortgage fails of the exception if it *creates* or secures a new or *further* indebtedness. The very purpose and effect which brought the new mortgage here in question into existence may, in a sense, be said to have been to *secure payment of further indebtedness,* if not indeed a new one. This, if one gives to the adjective " *further* " its commonly preferred meaning of reference to " time, quantity or degree ". While the amount of the unpaid principal might or might not remain the same as under the prior mortgage at its due date, the new mortgage which cancelled the former, *pro tanto* as to the old bonds surrendered, *further secured the debt* under the new forbearances which were granted. (*People ex rel. Jewelers B. Corp.* v. *State Tax Comm.,* 214 App. Div. 99, affd. 241 N. Y. 524.) Again, the tax exemption is lost if the additional mortgage creates or secures a new or further indebtedness or obligation other than the one " which under any contingency " may be secured by the recorded primary mortgage. I assume that the contingency referred to means a transaction or event the happening or completion of which will not impair the security afforded by the primary mortgage. This being so, then the very inception of the mortgage in question as binding upon the parties thereto, brought forth a contingency under which the debt secured thereby was not and could not be secured by the older indenture which it superseded.

All concur in decision, except BREWSTER, J., who dissents in a memorandum.

Determination of State Tax Commission annulled, with fifty dollars costs and disbursements.