■ In the Matter of JEFF'S BAR & RESTAURANT INC., Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— Determination of the State Liquor Authority, finding the petitioner in violation of subdivision 6 of section 106 and sections 101-a, or 101-aa of the Alcoholic Beverage Control Law, and canceling the petitioner's restaurant liquor license, unanimously modified on the law, the facts and in the exercise of discretion to annul the cancellation of the license and to limit the penalty to 10 days' suspension on charges numbered 1, 2 and 3; such 10-day suspension to run concurrently, and to limit the penalty for charge numbered 4 to a 5-day suspension, execution of which is to be suspended, and as so modified the determination is confirmed, without costs or disbursements to either party. Although Special Term should have transferred the proceeding to the Appellate Division (CPLR 7803, subd. 4; 7804, subd. [g], the record now being before us, this court will treat the proceeding as if it had been properly transferred. (*Matter of Defiance Paper Co.* v. *Browne,* 268 App. Div. 931.) While we, in the first instance, might not have found that the one incident which is involved in charges numbered 1, 2 and 3 necessarily indicated improper supervision, or that the petitioner permitted the licensed premises to become disorderly, we cannot say that the determination of the State Liquor Authority was not supported by substantial evidence. With respect to charge number 4, a plea of no contest was entered with an explanation as to the reasons why the checks were issued. While, of course, the explanation does not constitute a defense, standing uncontradicted we give it some weight in determining the penalty. In view of the fact that petitioner has been in business for some 30 years, and the record does not indicate any adverse history and, further, considering that the charges numbered 1, 2 and 3 involved but a single incident, we think that the penalty imposed was an abuse of discretion. (CPLR 7803, subd. 3.) Accordingly, the penalty imposed is reduced as above stated. Concur — Botein, P. J., Stevens, Steuer and Rabin, JJ.

## (March 7, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSHUA MARSHALL, Appellant.— Order entered June 2, 1965, denying, after a hearing, an application for a writ of error *coram nobis,* unanimously affirmed on the opinion of Mr. Justice GELLER. Concur — Botein, P. J., Stevens, Steuer and Rabin, JJ.