■ In the Matter of BETTY HARRELL, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, as limited by the petitioner's brief, to review a determination of the respondent State Commissioner of Social Services, dated December 3, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency dated September 28, 1979, to discontinue petitioner's grant of public assistance in the home relief category. Petition granted to the extent that the determination of the State commissioner dated December 3, 1979, is annulled, on the law, without costs or disbursements and the matter is remanded to the respondents for further proceedings consistent herewith. The State commissioner's determination dated December 3, 1979, affirming the termination of petitioner's grant of public assistance, was not sanctioned by the Social Services Law and the applicable regulations. Petitioner was directed, by notice dated September 14, 1979, to report to the public work project on September 24, 1979; her failure to keep this appointment, the notice stated, might result in the discontinuance of public assistance. Petitioner kept the appointment. Her unrebutted testimony at the fair hearing held November 5, 1979, was that an official of the local agency asked whether she was able to work and she responded that she had "trouble with my leg and I told him I had trouble with my stomach." The official gave her a medical form and told her to take it to her doctor. She brought the form to a medical clinic where a social worker completed it. Based on this testimony the State commissioner found that petitioner "claimed to be unable to work, and did not provide a valid reason for failing to work." Although the record does not support the State commissioner's finding that petitioner claimed she was unable to work, even if petitioner had said that, the conclusion that petitioner *refused to accept employment* was unjustified and therefore violated Part 385 of the Rules and Regulations of the Department of Social Services (18 NYCRR Part 385). The rule is well established that a home relief recipient's expression at a job interview that she is unable to perform the required duties of prospective employment "cannot be equated with an outright refusal of employment under subdivision 5 of section 131 of the Social Services Law and 18 NYCRR 385.1 where no offer of and referral to any position were made" (see *Matter of Jones v D'Elia,* 78 AD2d 890, 891; *Matter of Hall v D'Elia,* 82 AD2d 885; *Matter of Atkinson v Blum,* 78 AD2d 550). Titone, J. P., Weinstein, O'Connor and Rubin, JJ., concur.