■ In the Matter of HAROLD REAPE, Petitioner, v DAVID L. GUNN, as President of the New York City Transit Authority, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Transit Adjudication Bureau, dated August 8, 1988, finding that the petitioner had entered the premises of the New York City Transit Authority without paying his fare and imposed a $50 fine, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated January 24, 1989, which dismissed the proceeding.

Ordered that the judgment is vacated, on the law, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Inasmuch as the petition raises a substantial evidence question, the Supreme Court erred in not transferring the proceeding to the Appellate Division (CPLR 7804 [g]; 7803 [4]; *Matter of Mistler v Tofany*, 39 AD2d 710; *Matter of Dan's Living Room v State of New York Liq. Auth.*, 31 AD2d 799, *affd* 25 NY2d 759). Nonetheless, since the record is now before us, this court will treat the proceeding as if it had been properly transferred here *(see, Matter of Daigle v State Liq. Auth.*, 35 AD2d 901; *Matter of Jeff's Bar & Rest. v State Liq. Auth.*, 27 AD2d 805).

Upon our review of the record we find that the Transit Adjudication Bureau's determination that the petitioner committed fare evasion is supported by substantial evidence. First, the notice of violation admitted into evidence at the hearing constitutes prima facie evidence of the facts contained therein *(see,* Public Authorities Law § 1209-a [5]). Second, the officer who issued the notice of violation presented sworn testimony at the hearing. Although the officer had no independent recollection of issuing the notice of violation, he testified that it was prepared in his handwriting and signed by him. He also stated that it was his practice to include accurate information on violation notices and to charge persons with fare evasion only when he actually observed them entering the system without paying. Further, while the petitioner challenged the officer's ability to see him enter the system, the petitioner's own testimony placed the officer at a location from which the officer could have easily observed the unlawful entry. We agree with the Hearing Officer that the petitioner's testimony denying the fare evasion is not credible. In sum, the determination that the petitioner committed fare evasion is supported

by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

We have examined the remaining contentions raised in the petition and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.