■ In the Matter of MAXINE NEWELL, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [608 NYS2d 743] —Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for ordinary and accidental disability retirement benefits.

In this proceeding challenging respondent Comptroller's

denial of petitioner's applications for ordinary and accidental disability retirement benefits, the several arguments raised by petitioner in her brief distill to (1) whether there is substantial evidence in the record to support the determination that she failed to sustain her burden of proving her incapacity to perform regular duties or that her disability is due to a 1975 accident, and (2) whether petitioner was denied due process of law as the result of the evidentiary rulings by the Hearing Officer. We find in the affirmative as to the former and our response to the latter is in the negative.

On April 2, 1975, while employed as an account clerk at a hospital, petitioner slipped on a wet floor and fell, injuring her head, neck and left shoulder. These injuries caused her to be absent from work for two weeks. Petitioner thereafter worked as a claims examiner for the Department of Unemployment Insurance from April 1976 until February 16, 1988. She subsequently filed applications for both accidental and ordinary disability retirement benefits on December 16, 1988, claiming she was disabled as a result of "brain damage due to herniated cranial nerves". Following initial denials on October 31, 1989, an evidentiary hearing was held at which testimony was received from Murray Braaf, petitioner's treating orthopedic surgeon, and Robert Zaretsky, an orthopedic surgeon who examined petitioner on behalf of respondent State and Local Employees' Retirement System. Braaf diagnosed the injury as herniation of a cervical disc with radiculitis to the left shoulder, head, neck and hand, caused by the 1975 accident, and found that petitioner was not capable of doing any type of work that might produce an indirect strain upon her neck and that her incapacity was permanent.

Zaretsky opined that based upon the history given by petitioner, the medical reports in the file and his physical examination, petitioner was not disabled from performing her job. The Comptroller was thus faced with directly contradictory medical evidence. Faced with this dichotomy, resolution lay within the exclusive authority of the Comptroller to evaluate conflicting medical evidence (see, Matter of Longendyke v Regan, 195 AD2d 695; see also, Matter of Huether v Regan, 169 AD2d 907, 909, lv denied 77 NY2d 808). It has been well established that the Comptroller is free to credit the testimony of one physician over that of another rendering a different or contradictory opinion (Matter of Newman v New York State Police & Firemen's Retirement Sys., 186 AD2d 306, lv denied 81 NY2d 701; Matter of Rubinski v New York State & Local Police & Fire Retirement Sys., 156 AD2d 888). The

testimony of Zaretsky, together with other proof in the record, provides the substantial evidence required to support the determination *(see, Matter of Valerioti v New York State Comptroller,* 186 AD2d 858), even though evidence may be found which could support the opposite conclusion *(see, Matter of Ramseur v Regan,* 154 AD2d 869, 870).

We further find unpersuasive petitioner's argument that an erroneous description of her job duties somehow tainted Zaretsky's opinion. Zaretsky was provided with a more accurate job description on which he based his opinion, which included consideration of the fact that on occasion petitioner would stand for extended periods and carry files. Nor do we find merit to the contention that petitioner's right of cross-examination of Zaretsky was so impinged that she was denied a fundamentally fair hearing. Finally, we find that the evidentiary rulings, while not without certain inaccuracies, were made within the discretion vested in the Hearing Officer *(see, Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.,* 68 AD2d 994, 995) and were not so egregious as to require us to disturb the determination.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.