■ In the Matter of WILLIAM DUSO, Respondent, v JAMES F. KRALIK, as Sheriff of the County of Rockland, Appellant. [627 NYS2d 749] —In a proceeding pursuant to CPLR article 78 to review a determination of the County of Rockland Sheriff's Department, dated July 9, 1992, finding, after a hearing, that the petitioner was guilty of certain disciplinary charges and imposing a two-week suspension without pay, the Sheriff of the County of Rockland appeals from a judgment of the Supreme Court, Rockland County (Scarpino, J.), dated March 26, 1993, which granted the petition, vacated and annulled the determination, and remitted the matter for a new hearing.

Ordered that the judgment is vacated, on the law; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant is awarded one bill of costs.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could

have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to the Appellate Division *(see, Matter of G & G Shops v New York City Loft Bd.,* 193 AD2d 405; *Matter of Reape v Gunn,* 154 AD2d 682).* Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here *(see, Matter of Reape v Gunn, supra).*

We find that the determination is supported by substantial evidence in the record *(see, e.g., Matter of Newell v Regan,* 202 AD2d 771; *Matter of Jeremias v Sander,* 177 AD2d 488).* The testimony of certain witnesses at the hearing, as well as the petitioner's admission during his own testimony that he did not prepare an incident report despite having been directed to do so, sufficed to sustain the charges against him. While some of the evidence adduced at the hearing was conflicting in nature, the determination as to which testimony to credit and which of the competing inferences should be drawn therefrom was for the appellant *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Jeremias v Sander, supra).*

We have considered the petitioner's remaining contentions and find that he was not denied a fair hearing *(see, Matter of Newell v Regan, supra).* Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.