■ In the Matter of RICHARD K. STECK et al., Appellants, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [631 NYS2d 737] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated March 29, 1993, which adopted, in part, the recommendation of an Administrative Law Judge, made after a hearing, *inter alia,* finding that the petitioners had operated a solid-waste management facility without a permit, (1) the petitioner Gerald Philbin appeals from so much of a decision of the Supreme Court, Suffolk County (Stark, J.), dated December 16, 1993, as (a) found not arbitrary and capricious the finding that the petitioners operated a solid-waste management facility without a permit and (b) determined so much of the respondent's counterclaim as was for enforcement of civil penalties for operating a solid-waste management facility without a permit and (2) the petitioners Gerald Philbin, Richard K. Steck, and the Richard Steck, Gerald Philbin Development Co. appeal from so much of a judgment of the same court dated February 3, 1994, as (a) denied the petition except for the branch thereof that sought review of the determination on the ground that it is not supported by substantial evidence and transferred that branch of the petition to this Court and (b) granted so much of the respondents' counterclaim as was for enforcement of civil penalties for operating a solid-waste management facility without a permit.

Ordered that the appeal from the decision is dismissed since no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeals from the judgment are dismissed and the judgment is vacated; and it is further,

Adjudged that the petition is granted, on the law and on the facts, the determination is annulled, and the counterclaim is denied; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petitioners operate a facility in Kings Park, New York, which accepts trees and wood from landscapers and carting companies. The petitioners convert the trees and wood into wood chips and mulch. On September 13-14, 1988, and

September 19, 1988, fires occurred at the facility. In 1989, the petitioners received a notice from the New York State Department of Environmental Conservation (hereinafter the DEC) alleging, *inter alia,* that they were operating a solid-waste management facility without a permit in violation of 6 NYCRR 360-1.7 (a) (1) (ii), that they caused or permitted open burning without a permit in violation of 6 NYCRR former 360-8 (a) (15), and that they failed to confine solid waste to an area that could be effectively maintained, operated, and controlled in violation of 6 NYCRR former 360-8 (a) (16). Following a hearing, the Commissioner of the DEC (hereinafter the Commissioner) issued a determination which, *inter alia,* found that the petitioners had operated a solid-waste management facility without a permit from March 1, 1989 to September 28, 1990, that they had caused an open burning without a permit on September 13-14, 1988, and September 19, 1988, and that they had failed to confine solid waste to an area that could be effectively maintained, operated, and controlled on September 13-14, 1988, and September 19, 1988.

The petitioners commenced this proceeding to review the determination. The petitioners contended that the finding that they had operated a solid-waste management facility without a permit is arbitrary and capricious. In addition, the petitioners contended that the findings that they had caused an open burning without a permit and that they had failed to properly confine solid waste are not supported by substantial evidence. The Commissioner counterclaimed for enforcement of the determination. The Supreme Court held that the finding that the petitioners had operated a solid-waste management facility without a permit is not arbitrary and capricious and granted the counterclaim to the extent of enforcing the civil penalties that were imposed by the DEC for operating a solid-waste management facility without a permit. The Supreme Court transferred the question of substantial evidence to this Court.

Because the petition raises a substantial evidence question and the remaining issues raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to this Court *(see, Matter of Duso v Kralik,* 216 AD2d 297; *Matter of G & G Shops v New York City Loft Bd.,* 193 AD2d 405). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred *(see, Matter of Duso v Kralik, supra).*

The Commissioner's finding that the petitioners operated a

solid-waste management facility without a permit is arbitrary and capricious. It is well settled that an administrative agency's interpretation and construction of its own regulations and the legislation under which it functions will be given special deference by the courts if that construction is not ir- rational or unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Carlson Assocs. v Jorling,* 204 AD2d 540; *Matter of James H. Rambo, Inc. v Jorling,* 177 AD2d 577). However, "it is also 'axiomatic that an [administrative] agency is bound by the language of its own regulation and cannot construe it in such a manner that the plain language on the face of the regulation is rendered meaningless' " *(see, Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244, 247; *Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801).

A DEC regulation provides that "materials that are incorpo- rated into a manufacturing process to produce a marketable product" are excluded from the definition of solid waste *(see,* 6 NYCRR former 360-1.2 [a] [4] [vii] [a] [eff Dec. 31, 1988 to Oct. 9, 1993]). The Commissioner's finding that the trees and wood accepted by the petitioner do not fall within this exemption is contrary to the plain language of the regulation and is ir- rational. Thus, because trees and wood are not solid waste, the petitioners were not required to obtain a permit to operate a solid-waste management facility.

Moreover, the Commissioner's findings that the petitioners violated the regulations requiring a permit for open burning and requiring the proper confinement of solid waste are not supported by substantial evidence. The regulations in question only apply to operators of solid-waste management facilities *(see,* 6 NYCRR former 360-8 [a] [15], [16] [eff Mar. 9, 1982 to Dec. 31, 1988]). Since the record does not establish that the petitioners operated a solid-waste management facility at the pertinent time, there is not substantial evidence to support the conclusion that the petitioners violated the regulations requir- ing operators of solid-waste management facilities to obtain a permit for open burning and to properly confine solid waste *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of DiCairano v Gandolfo,* 201 AD2d 727). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.