OPINION OF THE COURT
Beatrice Shainswit, J.
Petitioner, a nursing student, brings this CPLR article 78 proceeding to restore welfare benefits which were terminated *132 by the respondent Department of Social Services (DSS) after petitioner failed to participate in a workfare program. Petitioner alleges that she was willing to work, but that DSS refused to accommodate her school schedule.
Petitioner began receiving public assistance in the form of Home Relief and Medicaid benefits in or about February 1993. In September 1993, she began taking prerequisites for a two-year associates degree program in nursing at the College of Staten Island. The program was approved by the Office of Employment Services (OES), and, apparently for that reason, petitioner was not required to participate in respondents’ Work Experience Program (WEP).
However, in July 1995 OES sent petitioner a letter scheduling her for an assessment to determine whether she should be assigned to a WEP job. At the meeting, in August 1995, OES informed petitioner that her studies no longer exempted her from WEP. Petitioner requested a WEP assignment that did not conflict with her academic schedule, noting that she could not take classes at night because there were no night courses offered in her program. She offered to work at night, but OES indicated that it would not accommodate her academic schedule.
When petitioner reported to work on August 28, 1995, she showed her supervisor her class schedule and again asked that she be permitted to work around it. Her supervisor told her she would have to discuss the matter with OES. After efforts at conciliation failed, DSS issued a notice of intent to discontinue petitioner’s benefits on the ground that she had willfully and without good cause failed or refused to comply with the employment requirements of WEP.
A fair hearing was held on January 24, 1996. By decision dated February 14, 1996, DSS upheld the determination to terminate petitioner’s benefits. As is relevant here, the decision stated: "With respect to the failure to comply with employment requirements, although the Appellant contended at the hearing that the Agency refused to accommodate her school schedule around her WEP assignment, the Appellant’s contention does not constitute a valid reason. Therefore, the Appellant did not establish that the failure to comply with employment requirements was not willful or without good cause.”
Respondents’ determination'is annulled as contrary to law. Social Services Law § 336-a (5) (c) prohibits DSS from assigning individuals who are participating in approved educational programs to activities in the Job Opportunities and Basic Skills *133 Training program (JOBS) "which interfere with such attendance”. Since WEP is a JOBS activity (see, Social Services Law § 336 [1] [g]; 18 NYCRR 385.1 [f]), respondents could not lawfully give petitioner a WEP assignment which interfered with her nursing school schedule. Accordingly, DSS’ conclusion that petitioner lacked a "valid reason” to refuse to work hours which concededly did not accommodate her schedule was plainly erroneous. Similarly, because DSS’ proposed work assignment was contrary to law, the finding that petitioner willfully failed or refused to comply with a JOBS requirement (i.e., WEP) must be rejected as a matter of law (see, 18 NYCRR 385.19 [d] [2] [xvi]).
The court further rejects respondents’ argument that the 1995 amendment to the WEP statute (Social Services Law § 164 [L 1995, ch 81]) excused DSS from its obligation to accommodate JOBS academic schedules. The primary purpose of the amendment was to give successful WEP participants a preference in other JOBS programs. Although a clause was added to clarify that JOBS program participation "shall not relieve a recipient of any obligation pursuant to this section” (Social Services Law § 164 [1]), petitioner’s obligation to accept a WEP assignment is not disputed here. Rather, respondents’ reciprocal obligation under Social Services Law § 336-a (5) (c) to insure that the WEP assignment does not interfere with petitioner’s schooling is at issue. Nothing in the amendment either expressly or implicitly repealed that separate statutory requirement.
Accordingly, it is ordered that the petition is granted to the extent that the respondents’ February 14, 1996 determination to discontinue petitioner’s Home Relief and medical assistance benefits is annulled, and it is further ordered that respondents are directed to restore all benefits withheld from petitioner pursuant to that determination.