■ In the Matter of JOHN MAGWOOD, Appellant, v MARY GLASS, as Acting Commissioner of the New York State Department of Social Services, Respondent. [658 NYS2d 401] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent, Mary Glass, Acting Commissioner of the New York State Department of Social Services, dated October 21, 1994, which, after a hearing, affirmed a determination of the Nassau County Department of Social Services denying the petitioner's application for public assistance and a rent arrears allowance, and (2) a determination of the respondent, Mary Glass, Acting Commissioner of the New York State Department of Social Services, which, after a hearing, *inter alia,* affirmed a determination of the Nassau County Department of Social Services which denied the petitioner's application for a rent arrears allowance, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau

County (Molloy, J.), entered October 4, 1995, which denied the petition in part, and transferred the matter to this Court for determination of the issue as to whether the determinations are supported by substantial evidence.

Ordered that the appeal is dismissed, without costs or disbursements, and the order and judgment is vacated, on the law; and it is further,

Adjudged that the determinations are confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, and the remaining point raised by the petitioner and disposed of by the Supreme Court is not an objection that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (see, Matter of Duso v Kralik, 216 AD2d 297; Matter of Reape v Gunn, 154 AD2d 682). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in its entirety (see, Matter of Duso v Kralik, supra; Matter of Reape v Gunn, supra).

There was conflicting evidence as to whether or not the petitioner voluntarily caused the termination of his employment. Thus, the determination of the Acting Commissioner of the New York State Department of Social Services (hereinafter the Commissioner) that the petitioner failed to rebut the presumption contained in Social Services Law § 131 (10), is supported by substantial evidence and should not be disturbed (see, Matter of Bode v Blum, 81 AD2d 989; see generally, Matter of Berenhaus v Ward, 70 NY2d 436; Pell v Board of Educ., 34 NY2d 222).

The Commissioner also properly determined that the petitioner's unemployment benefits, which were being withheld by the New York State Department of Labor to recover a previous overpayment of unemployment benefits, which were caused by the petitioner's own wilful misrepresentation, should be considered income in determining the petitioner's need for public assistance (see, Matter of Toote [Bane], NYLJ, Sept. 9, 1992, at 26, col 4 [Sup Ct, Dutchess County]; cf., Matter of Mastan v Fahey, 60 AD2d 304).

The petitioner's remaining contention is without merit. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.