OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
*895 In this CPLR article 78 proceeding, petitioner seeks a judgment: (1) permitting her to proceed as a poor person; (2) declaring respondents’ decision to terminate her Home Relief and medical assistance benefits to be arbitrary, capricious and contrary to law; (3) annulling and vacating respondents’ decision to terminate her benefits; (4) ordering respondents to restore her benefits forthwith; and (5) awarding her reasonable attorney’s fees, pursuant to 42 USC § 1988 and the Equal Access to Justice Act (28 USC § 2412 [d]).
In the first instance it must be determined whether this matter must be transferred to the Appellate Division, First Department, pursuant to CPLR 7804 (g). That statute provides that a matter which raises a substantial evidence issue specified in CPLR 7803 (4) shall be transferred for disposition to the Appellate Division within the Judicial Department which encompasses the county in which the proceeding was commenced. While the statute itself does not specify in what manner the issue may be raised, it is settled that the question may be raised only by references to the petition (Matter of Citizens For An Orderly Energy Policy v Cuomo, 159 AD2d 141, 151, n 2 [3d Dept 1990], affd 78 NY2d 398 [1991], rearg denied 79 NY2d 851 [1992] ["Since transfer of a CPLR article 78 proceeding is appropriate only where a question of substantial evidence is raised in the petition, transfer of this proceeding was improper (see, CPLR 7804 [g])”]; Ferguson v Meehan, 141 AD2d 604, 605 [2d Dept 1988] ["we note that the Supreme Court * * * properly refused * * * to transfer this proceeding to this court pursuant to CPLR 7804 (g). The petition does not allege that the appellants’ determination is not supported by substantial evidence”]; see also, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.09).
In this matter, the petition alleges that "[Respondents’ decision was arbitrary and capricious and in violation of applicable laws and regulations” (petition 1, 66, 67, 68), not that it was not supported by substantial evidence. Thus, respondents’ contention that this proceeding must be transferred to the Appellate Division is without merit. This court is the proper forum for the adjudication of this matter.
Petitioner, who is represented by the Legal Aid Society in Brooklyn, seeks permission to proceed as a poor person. CPLR 1101 (e) provides in relevant part that "[w]here a party is represented in a civil action by a legal aid society * * * all fees and costs relating to the filing and service shall be waived without the necessity of a motion and the case shall be given *896 an index number * * * provided that a determination has been made by such society * * * that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that an attorney’s certification that such determination has been made is filed with the clerk of the court along with the summons and complaint * * * or otherwise provided to the clerk of the court.”
A search of the County Clerk’s file in this matter has revealed no certification from petitioner’s counsel which comports with this statute. Thus, that portion of the petition which seeks poor person relief is denied, without prejudice (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1101.13).
Petitioner worked as a health insurance claims examiner until she was laid off in approximately August 1992. She began receiving public assistance in the form of Home Relief and medical assistance benefits in approximately July 1993. That fall, she began course work for a degree as a medical laboratory technician at New York City Technical College. However, that program was subsequently eliminated. In September 1994 she enrolled full time (12 credits/hours) in prerequisite courses for a two-year associate’s degree in nursing also at New York City Technical College, and completed these prerequisites by August 1995. In October 1994, she notified respondent New York City Department of Social Services (CDSS) of her participation in this program, and received respondent’s approval for her training-related expenses.
In August 1995, petitioner went to CDSS’ Office of Employment Services (OES), and was told by a worker there that her studies no longer exempted her from participation in the mandatory Work Experience Program (WEP). Since petitioner was beginning her nursing degree studies in September 1995, and no courses within that program were scheduled at night she asked the OES worker if OES could accommodate her class schedule in her WEP assignments. She was informed that that would not be done.
By notice of intent to discontinue public assistance, dated September 1, 1995, effective September 11, 1995, CDSS advised petitioner that her benefits would be discontinued because "we have decided that on 08/08/95, you willfully and without good cause failed or refused to report to or failed to cooperate with the work experience program intake section.” On September 11, 1995 petitioner requested a fair hearing, which was held on January 24, 1996. At the hearing, petitioner testified that she had never refused a work assignment, but had requested an ac *897 commodation of her class schedule. She also testified that she had never been offered an opportunity to attend conciliation. By decision after fair hearing, dated February 13, 1996, respondent New York State Department of Social Services (SDSS) determined that CDSS’ decision to terminate petitioner’s benefits was correct. SDSS found that petitioner had been sent both a notice of intent to discontinue benefits and a prior notice of conciliation, offering her the opportunity to discuss CDSS’ claim of willful noncompliance with employment requirements, but that she had not responded to the notice of conciliation. In addition, SDSS found that: "[w]ith respect to the failure to comply with employment requirements, although the Appellant contended at the hearing that she was not offered the opportunity to do a WEP assignment at a time other than when she was scheduled to be in school for her classes, the Appellant’s contention does not constitute a valid reason. Therefore, the Appellant did not establish that the failure to comply with employment requirements was not willful or without good cause.”
On February 20, 1996, respondents terminated petitioner’s Home Relief and Medicaid benefits.
Petitioner contends that not only had she never refused to comply with the WEP employment requirement, but in fact she had never been assigned to any WEP site. This is borne out by City respondent’s "History Sheet” for petitioner dated August 8, 1995 which was completely blank in terms of the work assignment section, as follows: "Client was offered a specific NEW-WEP Work Assignment as follows: Employer Agency: Borough (Job): Job Title: Biweekly Hours: Start Date:”. Of particular import is the absence on the History Sheet of any indication that petitioner had refused assignment before any assignment was offered.
In 1995, New York’s Social Services Law and other statutes were amended "to provide for medical and social care of citizens of this State in a more efficient and cost effective manner” (Governor’s Mem approving L 1994, ch 81, 1995 McKinney’s Session Laws of NY, at 2299). The Governor stated:
"With regard to welfare reform, this legislation enacts changes to our welfare system which emphasizes [sic] work, personal responsibility and temporary assistance instead of permanent dependence upon a system which can no longer support those who are in desperate need of assistance.
"This legislation will now require that all able bodied adults receiving Home Relief participate in Workfare. This require *898 ment is designed to help prevent welfare recipients from falling into the vicious cycle of dependency on public assistance, and instead lead them down the road of achieving self sufficiency.” (Id., at 2301.)
Thus, Social Services Law § 164 (1) now provides that, in addition to the mandatory job search activities for certain employable recipients of Home Relief which is required by Social Services Law § 158-b, "employable persons receiving home relief shall be required to perform such work as shall be assigned to them by the social services official furnishing such home relief or by the commissioner of labor * * * However, participation in any activity in the job opportunities and basic skills training program pursuant to title nine-B of this chapter shall not relieve a recipient of any obligation pursuant to this section.” (Social Services Law § 164 [1].)
That same 1995 legislation amended Social Services Law § 336-a (5) (a), to the effect that that statute, along with Social Services Law § 336-a (5) (c), now provides: "(a) If at the time that a participant otherwise would be assigned to education or training activities pursuant to this title, such participant is attending (not less than half time) any educational activity or job skills training, approved by the social services district consistent with the standards established in regulations by the commissioner, such attendance shall constitute participation in the job opportunities and basic skills training program if and for so long as it is consistent with the participant’s assessment and approved employment goal in the employability plan developed under section three hundred thirty-five or three hundred thirty-five-a of this title, and such attendance by the participant is consistent with federal law and regulation.” (Social Services Law § 336-a [5] [a].)
"(c) The social services official shall not assign any participant who is described in paragraph (a) of this subdivision to any other activities under this title which interfere with such attendance; provided, however, that to the extent permitted by federal law and regulations, the district may require the individual to accept employment.” (Social Services Law § 336-a [5] [c].)
Petitioner makes the unrefuted assertation that she has never received an assessment and approved employment goal from CDSS. 18 NYCRR 385.4 (a) (3) (ii) provides that if a Home Relief recipient has not received an employment assessment within a reasonable period of time not to exceed one year after application for assistance, "[u]pon the expiration of one year, *899 no further participation may be required without an assessment.” In addition, 18 NYCRR 385.4 (a) (5) provides that a written employability plan, based on the initial assessment and including an employment goal, must be provided. It bears observation that an OES consolidated master list distributed January 1, 1996, at page 111, shows that petitioner’s AAS degree program at New York City Technical College is listed as "Approved”.
The situation in this case may be summarized as follows: petitioner, who has a work history and has demonstrated persistent efforts to acquire from an OES approved facility the education and job skills which will "help prevent [her] from falling into the vicious cycle of dependency on public assistance, and instead lead [her] down the road of achieving self sufficiency” (Governor’s Mem approving L 1994, ch 81, 1995 McKinney’s Session Laws of NY, at 2301), has had her Home Relief and medical assistance benefits terminated as a result of an alleged refusal to participate in or go to a WEP site which was never designated and never assigned, within the context of an employability assessment and employment plan that have never been established, and in contravention of regulations which prohibit assignments which would interfere with her school attendance.
In the circumstances of this case I find and declare that respondents’ decision to terminate petitioner’s Home Relief and medical assistance benefits for her alleged willful noncompliance with employment requirements was arbitrary, capricious, and contrary to law (cf., Matter of Hesthag v Hammons, 173 Misc 2d 131 [Sup Ct, NY County 1996]).
Petitioner’s request for reasonable attorney’s fees, pursuant to 42 USC § 1988, is denied. None of the provisions to which that statute applies is invoked in this matter (42 USC § 1988 [b]). Likewise, the request for attorney’s fees pursuant to the Equal Access to Justice Act is denied because City and State, not Federal, officials and agencies are respondents herein (28 USC § 2412 [d]).
Accordingly, petitioner’s request to proceed as a poor person is denied without prejudice; petitioner’s request for reasonable attorney’s fees pursuant to 42 USC § 1988 and the Equal Access to Justice Act is denied; and petitioner’s application is granted to the following extent: it is ordered and adjudged as follows: (1) respondents’ decision to terminate petitioner’s Home Relief and medical assistance benefits was arbitrary, *900 capricious, and contrary to law; (2) respondents’ decision to terminate petitioner’s benefits is hereby annulled and vacated; and it is further ordered that respondents are directed to restore all of petitioner’s benefits withheld thereunder within no later than 30 days of service of a copy of this decision, order and judgment.