■ In the Matter of CASALINO INTERIOR DEMOLITION CORP., Appellant, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLE TRAFFIC VIOLATIONS BUREAU APPEALS BOARD et al., Respondents. [690 NYS2d 685] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York Department of Motor Vehicle Traffic Violations Bureau Appeals Board, dated June 30, 1997, which, after a hearing, affirmed a determination of an Administrative Law Judge finding that the petitioner violated certain provisions of the Vehicle and Traffic Law and imposed fines of $7,000 and $250, the appeal is from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated May 19, 1998, as, upon transferring the matter to this Court for resolution of the issue of whether the determination is supported by substantial

evidence, denied those branches of the petition which were to annul the determination on the grounds that it lacked a rational basis and was arbitrary and capricious.

Ordered that the appeal is dismissed, without costs or disbursements, and so much of the order as denied those branches of the. petition which were to annul the determination on the grounds that it lacked a rational basis and was arbitrary and capricious is vacated; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see, Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn,* 154 AD2d 682). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in its entirety (*see, Matter of Duso v Kralik, supra; Matter of Reape v Gunn, supra*).

We reject the petitioner's contention that the police officer who stopped the petitioner's truck lacked a reasonable suspicion to believe that the truck was overweight in violation of the Vehicle and Traffic Law (*see, Matter of R&D Equip. Leasing Co. v Adduci,* 220 AD2d 900; *People v Delta Carting Corp.,* 136 Misc 2d 268).

In addition, there is substantial evidence upon the whole record that the petitioner violated Vehicle and Traffic Law § 385 (9) and § 401 (7) (F) (b). Thus, the determination of the respondent must be confirmed and the proceeding dismissed (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

The petitioner's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.