◼ ·In the Matter of MAUREEN SWEENEY, Respondent, v LIL-LIAM BARRIOS-PAOLI et al., Appellants. [698 NYS2d 148] —In a proceeding to review a determination of the State of New York Department of Social Services, dated August 14, 1997, which, after a hearing, upheld the determination by the New York City Department of Social Services to discontinue the petitioner's home relief and medical assistance benefits, Lilliam Barrios-Paoli, as Commissioner of the New York City Department of Social Services, and Brian J. Wing, as Commissioner of the New York State Office of Temporary and Disability Assistance, separately appeal from a judgment of the Supreme Court, Queens County (Price, J.), dated June 9, 1998, which granted the petition and vacated the August 14, 1997, determination.

Ordered that the appeal is dismissed, and the judgment is vacated, on the law; and it is further,

Adjudged that the petition is granted to the extent that the determination is annulled and the respondents are directed to restore the petitioner's home relief and medical assistance benefits retroactive to the date of discontinuance; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Inasmuch as the petition raises a substantial evidence question, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to the Appellate Division (*see,* CPLR 7804 [g]; *Matter of O'Shea v Rutkoske,* 251 AD2d 584; *Matter of Magwood v Glass,* 240 AD2d 409). However, since the record is now before us, this Court will treat the proceeding as if it had been

properly transferred (*see, Matter of O'Shea v Rutkoske, supra; Matter of Magwood v Glass, supra*).

The appellants failed to establish that the petitioner willfully and without good cause "refused to accept employment in which she [was] able to engage" as a condition of her continued home relief and medical assistance benefits (*see,* Social Services Law § 131 [5]; 18 NYCRR 351.26; *Allen v Blum,* 58 NY2d 954; *Matter of Harrell v D'Elia,* 87 AD2d 870; *Matter of Bryan v Hammons,* 173 Misc 2d 894). Accordingly, the appellants' determination to discontinue the petitioner's benefits was not supported by substantial evidence and must be annulled (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354). Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.