■ In the Matter of LAVERNE D. DABBS, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [704 NYS2d 821] —In a proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated July 2, 1998, which, after a hearing, found that Westchester County Department of Social Services had not unlawfully discriminated against the petitioner on the basis of race, gender, or disability, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered October 26, 1998, which denied the petition.

Ordered that the appeal is dismissed and the judgment is vacated, on the law; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondents are awarded one bill of costs.

Since the petition was brought pursuant to Executive Law § 298, the Supreme Court should have transferred the entire proceeding to the Appellate Division (Executive Law § 298; *see, Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn,* 154 AD2d 682). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here (*see, Matter of Duso v Kralik, supra; Matter of Reape v Gunn, supra*).

The determination by the Commissioner of the New York State Division of Human Rights that the respondent Westchester County Department of Social Services had not unlawfully discriminated against the petitioner on the basis of race, gender, or disability is supported by substantial evidence (*see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights,* 77 NY2d 411, 417; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). There was substantial evidence in the record that the petitioner failed to provide the medical documentation required for extended sick leave. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.