■ In the Matter of DARLENE BROWN, Respondent, v JOYCE M. LANNERT, as Commissioner of the Westchester County Department of Planning, et al., Appellants. [714 NYS2d 677] —In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Planning, Housing and Development Division, dated August 20, 1998, which, after a hearing, *inter alia*, terminated the petitioner's Section 8 benefits (*see*, 42 USC § 1437f [b] [1]), the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered March 30, 1999, which granted the petition and directed the appellants to reinstate the benefits.

Ordered that the appeal is dismissed, on the law, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the petition is granted, on the facts, without costs or disbursements, to the extent that the determination is modified by vacating the penalty of termination; the determination is otherwise confirmed on the merits, and the matter is remitted to the appellants for the imposition of a lesser penalty.

Inasmuch as the petition raises a question of substantial evidence, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that would have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court erred in not transferring the proceeding to the Appellate Division (*see*, CPLR 7804 [g]; 7803 [4]; *Matter of O'Shea v Rutkoske,* 251 AD2d 584; *Matter of Magwood v Glass,* 240 AD2d 409; *Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn,* 154 AD2d 682). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here (*see*, *Matter of Magwood v Glass, supra*; *Matter of Duso v Kralik, supra*; *Matter of Reape v Gunn, supra*).

The determination finding the petitioner in violation of the Section 8 program regulations (*see*, 42 USC § 1437f [b] [1]) and in breach of her repayment agreements relating to her Section 8 benefits was supported by substantial evidence (*see*, *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

However, since the punishment was so disproportionate to the offenses as to be shocking to one's sense of fairness, the matter is remitted to the appellants for the imposition of a lesser penalty (*see*, *Matter of Vargas v Franco,* 238 AD2d 274; *Baldwin v New York City Hous. Auth.,* 65 AD2d 546).

The parties' remaining contentions are without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.