■ In the Matter of PALACE CAMERA & ELECTRONICS, INC. et al., Appellants, v CITY OF NEW YORK, DEPARTMENT OF CONSUMER AFFAIRS, Respondent. [720 NYS2d 802] —In a proceeding pursuant to CPLR article 78 to review a determination of the Director of Adjudication of the respondent City of New York, Department of Consumer Affairs, dated July 26, 1999, affirming a determination of an Administrative Law Judge dated May 24, 1999, which, after a hearing, *inter alia*, revoked the license granted to the petitioner Palace Camera & Electronics, Inc., and barred the petitioners Albert Mosseri and Allen Mosseri from obtaining a license from the Department of Consumer Affairs, the petitioners appeal from a judgment of the Supreme Court, Kings County (Arniotes, J.), dated October 21, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is vacated, on the law; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondent is awarded one bill of costs.

As the petition raises a substantial evidence question, and the remaining points raised by the petitioners which were disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to the Appellate Division (*see, Matter of G & G Shops v New York City Loft Bd.,* 193 AD2d 405; *Matter of Reape v Gunn,* 154 AD2d 682). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here (*see, Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn, supra*).

Contrary to the petitioners' contention, the determination that they failed to maintain the standards of honesty, integrity, and fair dealing is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181; *Matter of Siano v Dolce,* 256 AD2d 582). Further, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

The petitioners' remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.