■ In the Matter of A. RUSSO WRECKING, INC., Respondent, v RICHARD E. JACKSON, JR., et al., Respondents-Appellants. [725 NYS2d 867] —Proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the Administrative Adjudication Bureau of the New York State Department of Motor Vehicles, dated December 7, 1998, affirming a determination of an Administrative Law Judge, which, after a hearing, found the petitioner guilty of violating Vehicle and Traffic Law § 385 (9) and New York City Traffic Rule (34 RCNY) § 4-15 (b) (9), and imposed penalties of $7,000 and $4,200, respectively, and appeal by Richard E. Jackson and the Appeals Board of the Administrative Adjudication Bureau of the New York State Department of Motor Vehicles from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated August

19, 1999, as purported to grant the petition insofar as it sought to annul that part of the determination which found that the petitioner was guilty of violating New York City Traffic Rule § 4-15 (b) (10).

Ordered that the appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that so much of the order as granted the petition to the extent of annulling that part of the determination which found that the petitioner was guilty of violating New York City Traffic Rule § 4-15 (b) (10) is vacated, on the law, without costs or disbursements; and it is further,

Adjudged that the determination of the Appeals Board of the Administrative Adjudication Bureau of the New York State Department of Motor Vehicles is confirmed and the proceeding is dismissed, on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, and the remaining argument raised by the petitioner and disposed of by the Supreme Court is not an objection that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see, Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn,* 154 AD2d 682). However, as the record is now before us, this Court will treat the proceeding as if it had properly been transferred here in its entirety (*see, Matter of Duso v Kralik, supra*; *Matter of Reape v Gunn, supra*).

Contrary to the petitioner's contention, the determination of the Appeals Board of the Administrative Adjudication Bureau of the New York State Department of Motor Vehicles that the petitioner violated Vehicle and Traffic Law § 385 (9) and New York City Traffic Rule § 4-15 (b) (9) is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Dienna v Appeals Bd.,* 262 AD2d 409).

The petitioner's remaining contentions are without merit. Santucci, J. P., S. Miller, Schmidt and Smith, JJ., concur.