■ In the Matter of GREGG D. TRAGER, Appellant, v KARL KAMPE et al., Respondents. [732 NYS2d 29] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated June 30, 1998, which disqualified the petitioner from applying for the position of police officer for failing to meet the residency requirement as set forth in the announcement for Examination No. 4200, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered May 8, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the determination dated June 30, 1998, is annulled.

Before March 1994 the only regulation promulgated by the Nassau County Civil Service Commission (hereinafter the Commission) regarding residency for applicants for employment examinations with the County of Nassau was contained in Rule X, which provided that "[e]very applicant for competitive examination, other than a police officer examination, must be a resident of the County of Nassau for at least one year immediately preceding the date of the examination." Thus, applicants for examinations for the position of police officer were not required to satisfy this residency requirement. However, in March 1994 the Commission published an announcement for Examination No. 4200 for the position of police officer in various police departments within the County, requiring that applicants: "must have been legal residents of Nassau County and/or a contiguous county (Suffolk, Brooklyn, Queens, Manhattan, Bronx, Staten Island and Westchester) for at least twelve months immediately preceding the date of the written test and maintain residency in Nassau County or a contiguous county until appointment from the eligible list established as a result of this examination."

After applying for and taking Examination No. 4200, the petitioner was disqualified on the ground that he was not a resident of either the County or a contiguous county for a period of one year immediately preceding the date of the examination.

An administrative agency "is bound by the language of its

own regulation and cannot construe it in such a manner that the plain language on the face of the regulation is rendered meaningless" (*Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801; *see, Matter of Steck v Jorling,* 219 AD2d 727; *Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244). Since Rule X did not impose a residency requirement on applicants for examinations for the position of police officer, the Commission improperly disqualified the petitioner on the ground that he was not a resident of either the County or a contiguous county for a period of one year immediately preceding the date of the examination. Therefore, the judgment is reversed, the petition is granted, and the determination is annulled.

In light of our determination, we need not address the petitioner's remaining contentions. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.