■ In the Matter of TOWN OF CORTLANDT, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents. [734 NYS2d 454] —Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated March 25, 1999, which established a final State equalization rate of 4.08% for the 1998 assessment roll of the Town of Cortlandt.

■ In the Matter of TOWN OF CORTLANDT, Petitioner-Appellant, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents-Respondents. [733 NYS2d 631] —(1) Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated March 19, 1998, which established a final State equalization rate of 4.03% for the 1997 assessment roll of the Town of Cortlandt, and (2) appeal by the petitioner from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Lange, J.), entered January 28, 2000, as, upon granting the County of Westchester's motion to dismiss the proceeding insofar as asserted against it,

dismissed the proceeding insofar as asserted against that respondent.

Ordered that the appeal is dismissed, without costs or disbursements, and so much of the order and judgment as granted the County of Westchester's motion and dismissed the proceeding insofar as asserted against that respondent is vacated, on the law; and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondents-respondents are awarded one bill of costs.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see, Matter of Magwood v Glass,* 240 AD2d 409, 410; *Matter of Duso v Kralik,* 216 AD2d 297; *Matter of Reape v Gunn,* 154 AD2d 682). Nevertheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in its entirety (*see, Matter of Magwood v Glass, supra; Matter of Duso v Kralik, supra; Matter of Reape v Gunn, supra*).

The petitioner failed to demonstrate that the methodology employed by the New York State Board of Real Property Services in determining the 1997 equalization rate for the Town of Cortlandt was not rational or that the final equalization rate was not supported by substantial evidence (*see, Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs.,* 274 AD2d 856, 857; *Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment,* 228 AD2d 446, 446-447; *Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment,* 226 AD2d 546, 548; *Matter of Town of Hardenburgh v State of New York,* 210 AD2d 673, 674; *Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, 654, *affd* 64 NY2d 894). Furthermore, the petitioner wholly failed to state a cause of action against the County of Westchester (*see, Matter of City of White Plains v New York State Bd. of Real Prop. Servs.,* 262 AD2d 638, 639). Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.