■ In the Matter of COMPUTER CENTRAL, INC., Respondent, v CITY OF NEW YORK et al., Appellants. [745 NYS2d 480] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Finance, Parking Violations Appeals Board, dated October 6, 1999, which, after a hearing, affirmed a determination of an administrative law judge finding that the petitioner had violated certain provisions of the Vehicle and Traffic Law and imposing fines, the New York City Department of Finance, Parking Violations Bureau appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated October 16, 2000, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed, and the judgment dated October 16, 2000, is vacated; and it is further,

Adjudged that the determination dated October 6, 1999, is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellants.

After disposing of the points raised by the petitioner that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the substantial evidence question to this Court for determination (*see Matter of Duso v Kralik,* 216 AD2d 297). Nonetheless, since the record is now before us, this Court will treat the issue as if it had been properly transferred here (*see Matter of Casalino Interior Demolition Corp. v State of New York Dept. of Motor Veh. Traffic Violations Bur. Appeals Bd.,* 261 AD2d 615; *Matter of Christy v Department of Motor Vehs., Div. of Veh. Safety of State of N.Y.,* 138 AD2d 700; CPLR 7804 [g]).

Contrary to the petitioner's contention, there is substantial evidence in the record to support the determination under review (*see* Vehicle and Traffic Law § 240 [2] [b]; *Matter of New Rochelle Ford v Jackson,* 261 AD2d 547; *Matter of Schuster v Babylon Union Free School Dist.,* 138 AD2d 608). Thus, the determination must be confirmed and the proceeding dismissed (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.